BJT, INC., et al., Plaintiffs,

v.

MOLSON BREWERIES USA, INC., et al., Defendants.

No. 3:94–CV–16–H3.

United States District Court, E.D. North Carolina, Fayetteville Division.

March 14, 1994.

1. Learned Hand, quoted by Phillip Hamburger, *The Great Judge,* 1946.

Mutual Distributing Co., Jim Staton Distributing Co., Sullivan Wholesale, Inc.

Douglas Wayne Kenyon, Michael L. Unti, Pamela A. Wilkins, Hunton & Williams, Raleigh, NC, for Molson Breweries USA, Inc., Miller Brewing Co., Century Importers, Inc., a div. of Molson Breweries USA, Inc.

Douglas Wayne Kenyon and Pamela A. Wilkins, Hunton & Williams, Pressly McAuley Millen, Womble, Carlyle, Sandridge & Rice, Raleigh, NC, for Asahi Breweries USA, Inc.

Douglas Wayne Kenyon and Pamela A. Wilkins, Hunton & Williams, Raleigh, NC, Stanley L. Rodenbough, Greensboro, NC, for I.H. Carey Distributing Co., Inc.

Douglas Wayne Kenyon and Pamela A. Wilkins, Hunton & Williams, Raleigh, NC, Charles E. Johnson, Petree Stockton, L.L.P., Charlotte, NC, for Southern Distributing Co.

Douglas Wayne Kenyon and Pamela A. Wilkins, Hunton & Williams, Raleigh, NC, for Healy Wholesale Co., Inc.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on plaintiffs' motion to remand and defendants' motion for dissolution of temporary restraining order. Plaintiffs filed suit in the Superior Court of Cumberland County, North Carolina, alleging breach of contract, unfair or deceptive trade practices, and violation of North Carolina's Beer Franchise Law. The state court issued a temporary restraining order. Defendants subsequently filed notice of removal pursuant to 28 U.S.C. § 1441 and now move the court to dissolve the temporary restraining order. Plaintiffs move to remand the case to the state court in which it was originally filed. The court heard argument on both motions and accepted supplemental memoranda. The time in which to respond has elapsed, and this matter is now ripe for ruling.

### STATEMENT OF THE CASE

Plaintiffs are three beer wholesalers, each a North Carolina corporation. Defendant Molson Breweries USA, Inc. ("Molson") is a

Luther Donald Starling, Jr., Daughtry & Starling, Smithfield, NC, for BJT, Inc. dba

wholly owned subsidiary of defendant Miller Brewing Company ("Miller"). Neither Molson nor Miller are incorporated in North Carolina. Century Importers, Inc. ("Century"), a Virginia corporation which imports beer, is a division of Molson. Asahi Breweries USA, Inc., ("Asahi") is a California corporation that manufactures beer under the Asahi label. Three defendants, I.H. Caffey Distributing Company, Incorporated ("Caffey"); Southern Distributing Company ("Southern"); and Healy Wholesale Company, Inc. ("Healy"), are North Carolina corporations engaged in wholesale distribution of beer.

In 1988, the individual plaintiffs entered into a distribution agreement for Asahi beer in exclusive territories in North Carolina with Asahi's agent and importer, Hans Holterbosch, Inc. Hans Holterbosch, Inc., is not a party in this lawsuit. Plaintiffs allege that the distribution agreement is a "franchise agreement" as defined in N.C.Gen.Stat. § 18B–1302. Effective January 1, 1994, defendant Century obtained the rights to distribute Asahi beer. Plaintiffs state that Century replaced plaintiff Staton with defendant Caffey; Mutual with Southern; and, Sullivan with Healy, as the exclusive wholesalers of Asahi beer in the relevant geographic areas.

In their complaint, plaintiffs alleged that defendants breached their contract; that defendants violated North Carolina's unfair or deceptive trade practices statute, N.C.Gen. Stat. § 75–1.1; that defendants committed common law unfair or deceptive trade practices; and, that defendants violated North Carolina's Beer Franchise Law, N.C. Gen. Stat. § 18B–1300 *et seq.* All of plaintiff's claims for relief are state law claims. Plaintiffs seek temporary and permanent injunctive relief and money damages.

Plaintiffs filed suit in state court on February 24, 1994. On February 25, 1994, and without notice to defendants, plaintiffs obtained an *ex parte* temporary restraining order pursuant to North Carolina Rule of Civil Procedure Rule 65(b), which is substantially similar to federal Rule 65(b). On March 1, defendants Molson, Miller, and Century filed their notice of removal in this court. Plaintiff's motion to remand was filed on March 3.

## DISCUSSION

A federal court's removal jurisdiction is a form of subject matter jurisdiction. *See* 14A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3721 (1993). Without subject matter jurisdiction, consequently, a federal district court must remand an improperly removed case back to the state court from which it came. *International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991). Accordingly, the court will address plaintiff's motion to remand this action as a threshold matter.

In general, a defendant may remove a case from a state to a federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (1993). In this case, the defendants state that this court's diversity jurisdiction supports removal. Diversity jurisdiction, defined in 28 U.S.C. § 1332, requires complete diversity between plaintiffs and defendants as a matter of statutory law. *See, e.g., Carden v. Arkoma Assoc.,* 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). In addition, diversity jurisdiction actions may not be removed if one or more defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b).

In this case, all plaintiffs are North Carolina corporations engaged in the business of selling beer wholesale. Three of the seven defendants are also North Carolina corporations which sell beer in the same wholesale markets. Accordingly, the complaint does not satisfy the complete diversity requirement or the language of the removal statute. However, in support of removal, defendants allege that the North Carolina defendants are nominal parties joined to prevent removal of this action to federal court.

Fraudulent joinder of a non-diverse party to prevent removal may be established in one of two ways. First, the defendant seeking to remove may show that there has been "outright fraud in the plaintiff's pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th

Cir.1993) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981)). In the alternative, the removing defendant can demonstrate that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Id.*

■ Defendants do not allege outright fraud. Instead, they assert that there are no claims for relief against the North Carolina defendants, and that none could be asserted on the basis of the facts alleged in the complaint. The existence or non-existence of a state law cause of action is, of course, a matter of state law. *See Grubb v. Donegal Mutual Ins. Co.*, 935 F.2d 57 (4th Cir.1991).

In their complaint, plaintiffs make no specific allegations of wrongdoing on the part of the North Carolina defendants who replaced them as wholesalers of Asahi beer. Plaintiffs do not allege that the North Carolina defendants breached the agreement or that they practiced unfair methods of competition or unfair or deceptive trade practices. However, plaintiffs requested that the state court enjoin the North Carolina defendants from accepting Asahi product shipments, disclosing or announcing their purported roles as distributors of Asahi products, distributing Asahi products, or retaining Asahi products. The state court issued a temporary restraining order with those terms.

There are no reported North Carolina cases construing the Beer Franchise Law. The statute provides that an injured wholesaler may bring an action "to enjoin the unlawful alteration, termination, or failure to renew." N.C.Gen.Stat. § 18B–1306(a). The statute does not expressly state to what defendants an injunction should apply. The statute does, however, state that money damages are available only from suppliers. N.C.Gen.Stat. § 18B–1306(b). The state court which originally ruled on the case concluded that the statutory language authorized it to enjoin the North Carolina defendants from taking certain actions.

In addition, the North Carolina defendants violate the Beer Franchise law if they distribute beer to retailers outside the territory specified by a beer franchise agreement. *See* N.C.Gen.Stat. § 18B–1303(a). Plaintiffs plead that they would, moreover, be irreparably injured should the defendants announce the new, and allegedly improper, business relationship.

■ This court must resolve all issues of fact and law in favor of the plaintiff. *Manville*, 6 F.3d at 233. If a district court has any doubts about the propriety of removal, it should remand the action back to the state court, particularly in light of the congressional policy of restricting removal jurisdiction. *Able v. Upjohn Co., Inc.*, 829 F.2d 1330, 1332 (4th Cir.1987). This court is unwilling to state that defendants Caffey, Southern and Healy are merely nominal defendants against whom plaintiffs have not stated a claim. Defendants' failure to establish that the North Carolina defendants are nominal is fatal to the petition for removal. Therefore remand to the North Carolina Superior Court is appropriate.

In light of the court's resolution of plaintiff's motion to remand, this court lacks jurisdiction to hear the defendants' motion to dissolve the temporary restraining order. For that reason, defendants' motion to dissolve the temporary restraining order is denied. For the same reason, the court will not hear plaintiffs' motion to amend their complaint or the North Carolina defendants' motion to dismiss, which is not ripe in any event.

*CONCLUSION*

Plaintiffs' motion to remand to state court is GRANTED. Defendants' motion for dissolution of the temporary restraining order is DENIED. Plaintiff's motion to amend and defendants' motion to dismiss are DISMISSED as moot, as this court cannot exercise jurisdiction. This matter is hereby TRANSFERRED to the North Carolina General Court of Justice, Superior Court Division. The clerk is directed to close this case.