**John HAND and James Hand, Plaintiffs,**

**v.**

**CHRYSLER CORPORATION and East Dorset Motor Company, Inc. d/b/a Green Mountain Chrysler Plymouth Dodge, Defendants.**

**No. 2:97–CV–327.**

United States District Court, D. Vermont.

Feb. 17, 1998.

Thomas F. Heilmann, Heilmann, Ekman & Associates, Burlington, VT, for John Hand, James Hand.

Christopher Denis Roy, Downs, Rachlin & Martin, P.C., Burlington, VT, Robert D. Cultice, Susan B. Hanmer, Goldstein & Manello, P.C., Boston, MA, for Chrysler Corp.

Robert D. Cultice, Susan B. Hanmer, Goldstein & Manello, P.C., Boston, MA, John R. Canney, III, Rutland, VT, for East Dorset Motor Co., Inc., d/b/a Green Mountain Chrysler–Plymouth–Dodge.

## OPINION AND ORDER

SESSIONS, District Judge.

Plaintiffs John Hand and James Hand have moved the Court pursuant to 28 U.S.C. § 1447(c) to remand this action to the Superior Court of Bennington County, Vermont, based on a lack of subject matter jurisdiction (Paper 10). Plaintiffs have also requested that they be awarded costs and attorney's fees incurred as a result of the removal by Defendant Chrysler Corporation ("Chrysler"). . For the following reasons, the Motion for Remand is granted, and the request for costs and fees is denied.

### I. *Factual Background*

Plaintiffs originated this action in Bennington Superior Court under Vermont's Motor Vehicle Manufacturers, Distributors and Dealers Franchising Practices Act, Tit. 9, Ch. 108 ("Franchising Practices Act"), and the Declaratory Judgment Act, 12 V.S.A. § 4711 *et seq.* They claim that Chrysler improperly refused to recognize the sale of one of its franchises to Plaintiffs, in violation of the Franchising Practices Act. According to Plaintiffs, Chrysler should also be barred from granting that franchise to another area dealer, Defendant East Dorset Motor Company d/b/a Green Mountain Chrysler Plymouth Dodge ("Green Mountain"). Chrysler contends that when the franchise was sold, the franchise agreement accorded Chrysler a right of first refusal as to the buyer, which it validly invoked. Plaintiffs seek *inter alia* a judgment as to whether Chrysler violated the Franchising Practices Act, and preliminary and permanent injunctive relief against Chrysler and Green Mountain to prevent them from entering into a new franchise agreement.

In response to this action, Chrysler filed a Notice of Removal asserting that this Court has diversity jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a). Green Mountain is undisputedly a nondiverse party. Nevertheless, Chrysler argues that removal is appropriate because Plaintiffs fraudulently joined Green Mountain for the purpose of avoiding diversity jurisdiction. Plaintiffs contend that Chrysler has not met its burden of showing a fraudulent joinder or of demonstrating that the amount in controversy exceeds $75,000.

Chrysler also filed a Motion to Dismiss (Paper 11) for failure to state a claim. The Court permitted Plaintiffs to defer their opposition to this motion pending the disposition of the Motion to Remand.

## II. *Discussion*

■ The party removing an action bears the burden of showing that federal jurisdiction exists. *See Leslie v. BancTec Service Corp.,* 928 F.Supp. 341, 347 (S.D.N.Y.1996). When in doubt, courts should interpret removal statutes against removal. *Id.* Normally the existence of a nondiverse party would preclude removal, but a court may still find subject matter jurisdiction if a plaintiff has engaged in fraudulent joinder. Fraudulent joinder consists of adding a party for the purpose of destroying diversity. *See Sonnenblick–Goldman Co. v. ITT Corp.,* 912 F.Supp. 85, 88 (S.D.N.Y.1996). This impropriety may be proven by a showing of outright fraud in the plaintiff's pleadings, or by a demonstration that there is no possibility that the plaintiff can establish any cause of action against the defendant. *Id.*

Chrysler's argument is based on this second test. This Defendant therefore "must show with specificity that the facts as stated in the complaint, under the present law of the forum state, form no basis for recovery against the defendant who defeats diversity." *Truglia v. KFC Corp.,* 692 F.Supp. 271, 275 (S.D.N.Y.1988), *aff'd,* 875 F.2d 308 (2d Cir. 1989). Chrysler must meet the "heavy burden of persuasion" in fraudulent joinder cases. *Sonnenblick–Goldman,* 912 F.Supp. at 88. In determining whether fraudulent joinder exists, all disputed factual allegations

and unsettled issues of the controlling law are resolved in favor of the plaintiff. *Truglia,* 692 F.Supp. at 275.

Plaintiffs do not allege any statutory violations or other wrongdoing by Green Mountain in the Complaint. Plaintiffs have included this Defendant because they seek an injunction to block Green Mountain's acquisition of the franchise in dispute. Chrysler maintains that Green Mountain need not be joined because any injunctive relief granted against Chrysler will effectively bind Green Mountain as well.

Generally, it is required that indispensable parties be joined to actions for injunctive relief. *See* 42 Am.Jur.2d *Injunctions* § 259. Indispensable parties usually include those parties with an interest in the controversy such that a resolution would affect that interest. *Id.* With regard to a suit in equity, the Vermont Supreme Court has held that "all parties interested in the subject-matter of the suit should regularly be made parties, either as plaintiffs or defendants." *American Surety Co. v. Creamery Commissioners et al.,* 98 Vt. 313, 320, 127 A. 289 (1925).

■ Based on these principles, Green Mountain has properly been made a party. While Vermont law in this area may not be elaborate, it must be construed in Plaintiffs' favor. Green Mountain's ability to acquire the dealership franchise from Chrysler hinges on the outcome of this action. Green Mountain possesses a material interest in the subject matter of this suit which will be profoundly affected if Plaintiffs recover.

In this regard, the Court agrees with the Eastern District of North Carolina's determination in *BJT, Inc. v. Molson Breweries, USA, Inc.,* 848 F.Supp. 54 (E.D.N.C.1994). There, the plaintiff wholesalers were replaced as area distributors by other dealers. These dealers were nondiverse defendants; they were not involved in the distribution agreement that was allegedly breached, nor were they accused of other wrongdoing. The plaintiffs sought to enjoin them from obtaining the distributing rights in question. The district court, given an unsettled state law and Plaintiffs' contention that the manufacturers' new arrangement with these dealers

was illegal, found joinder proper. The court was "unwilling to state that [defendant dealers] are merely nominal defendants against whom plaintiffs have not stated a claim." *Id.* at 57.

■ A similar assessment pertains to this case. Viewing the facts and law in the light most favorable to the Plaintiffs, Green Mountain is not simply a neutral bystander. It has a substantial stake in this litigation. Chrysler has not met its heavy burden of showing that Plaintiffs have no basis for joining Green Mountain under Vermont law. Therefore, diversity does not exist and this Court will not assume jurisdiction. Since there is no diversity of parties, a discussion of the amount in controversy is not required.

■ Plaintiffs have requested an award of costs and attorney's fees incurred pursuant to 28 U.S.C. § 1447(c). This statute "affords a great deal of discretion and flexibility to the district courts" to determine whether costs and fees should be paid. *Morgan Guar. Trust v. Republic of Palau,* 971 F.2d 917, 924 (2d Cir.1992). This Court in its discretion declines to require any such payment.

### III. *Conclusion*

Based on the foregoing reasons, Plaintiffs' Motion for Remand (Paper 10) is GRANTED, and this action is remanded to the Superior Court, Bennington County, Vermont. Plaintiffs' request for award of costs and attorney's fees (Paper 10) is DENIED. As the Court has no jurisdiction to hear it, Defendant Chrysler Corporation's Motion to Dismiss (Paper 11) is DENIED.