**SONNENBLICK–GOLDMAN CO., Plaintiff,**

v.

**ITT CORP., ITT–Sheraton Corp., and Michael D. Cryan, Defendants.**

**No. 95 Civ. 0080 (DAB).**

United States District Court, S.D. New York.

Jan. 19, 1996.

Stuart A. Schlesinger, Julien & Schlesinger, New York City, for plaintiff.

John M. Aerni, LeBoeuf, Lamb, Greene & MacRae, New York City, for defendants.

## MEMORANDUM & ORDER

BATTS, District Judge.

Plaintiff is a licensed real estate broker in New York State. (Comp. ¶ 2.) Defendant ITT–Sheraton is a subsidiary of ITT Corp. (ITT's Mem.Law. at 1.) Defendant Michael D. Cryan is the executive vice-president and Chief Financial Officer of ITT–Sheraton. (Compl. ¶ 6.) Plaintiff claims that Cryan, on behalf of ITT–Sheraton, Corp. and ITT Corp., (collectively the "Defendants") breached an agreement to pay brokerage fees to the Plaintiff. Defendant, ITT Corp., pursuant to Fed.R.Civ.P. 12(b)(6), moves to dismiss the Plaintiff's claims against it.[1] Plaintiff cross-moves to remand the action to state court. For the reasons set forth below Defendant ITT Corp.'s motion is granted and Plaintiff's motion to remand is denied.

## I. BACKGROUND

Plaintiff informed the Defendants that a deal to buy Ciga Hotels, located in Italy might be possible.[2] (Compl. ¶¶ 9–10.) On July 1, 1993, Defendant Cryan wrote a letter agreeing to pay a "commission based on 1% of the sale price." (Compl. ¶ 11, Ex. A.)[3] In February 1994, Plaintiff learned that the Defendants had acquired an interest in Ciga. (Compl. ¶ 12.) Plaintiff requested that Defendants pay the Plaintiff's fee, which request was denied. (Compl. ¶¶ 14–15.) Plaintiff then filed this action on November 29, 1994, in New York County Supreme Court. On January 5, 1995, a Notice of Removal was timely[4] filed in the Southern District of New York and the case assigned to this Court.

---

1. The motion to dismiss is made by ITT only.

2. The Complaint does not specify when the Plaintiff informed the Defendants of Plaintiff's willingness to strike a deal on behalf of Defendants for the Ciga Hotels. (Compl. at 3.)

3. The agreement, dated July 1, 1993, addressed to Jack Shaffer, Managing Director of Sonnenblick–Goldman, and signed by Michael D. Cryan, reads, in its entirety, as follows:

"In response to the fee proposal for Chiga [sic], we are prepared to pay a commission based on 1% of the sales price.
In the event that no purchase is made, but a management contract is made, then ITT Sheraton would be willing to pay 10% of the first 5 years fees."

4. January 5, 1995, is 38 days from November 29, 1995. 28 U.S.C. § 1446 requires that a Notice for Removal be filed within 30 days after the Summons and Complaint were received by the Defendants. The Court has not been provided

## II. DISCUSSION

### A. Subject Matter Jurisdiction

■ Before Defendant ITT Corp. ("ITT") can move to dismiss, it must prove that the Court has subject matter jurisdiction over the Complaint. Defendants allege that this Court has jurisdiction based on diversity.[5] Plaintiff is a citizen of New York. Defendant ITT is a citizen of Delaware and New York. Hence, it appears initially that complete diversity is lacking in this case. However, Defendant alleges that "fraudulent joinder" has occurred in this case. Fraudulent joinder occurs when a Plaintiff joins a party to destroy complete diversity. *See, e.g., Truglia v. KFC Corp.*, 692 F.Supp. 271, 274–75 (S.D.N.Y.1988), *aff'd*, 875 F.2d 308 (2d Cir.1989); *Allied Programs Corp. v. Puritan Ins. Co.*, 592 F.Supp. 1274, 1276 (S.D.N.Y. 1984); *American Mut. Liability Ins. Co. v. Flintkote Co.*, 565 F.Supp. 843, 845 (S.D.N.Y. 1983); *Nosonowitz v. Allegheny Beverage Corp.*, 463 F.Supp. 162, 163–64 (S.D.N.Y. 1978). If fraudulent joinder is found, and the requirements of jurisdiction are otherwise met, then the case was properly removed and the Court has subject matter jurisdiction.

■ Defendant not only has the burden of proving that jurisdiction exists, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 183, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936); *Mopaz Diamonds, Inc. v. Institute of London Underwriters*, 822 F.Supp. 1053, 1055 (S.D.N.Y.1993); *Isaacs v. Group Health, Inc.*, 668 F.Supp. 306, 311 (S.D.N.Y. 1987); *Crazy Eddie, Inc. v. Cotter*, 666 F.Supp. 503, 508 (S.D.N.Y.1987); *Rosenberg v. GWV Travel, Inc.*, 480 F.Supp. 95, 96 (S.D.N.Y.1979); *Irving Trust Co. v. Century Export & Import, S.A.*, 464 F.Supp. 1232, 1236 (S.D.N.Y.1979), but also has the heavy burden of persuasion placed on those who claim fraudulent joinder. *Flintkote*, 565 F.Supp. at 845; *Nosonowitz*, 463 F.Supp. at 163; *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir.1992). The Defendant must show fraudulent joinder by clear and convincing evidence. *Nosonowitz*, 463 F.Supp. at 163 (citing *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir.1962), *cert. denied*, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964)). In evaluating the existence of fraudulent joinder, the Court must determine whether the mere possibility exists that plaintiff can establish any cause of action against a defendant; or that there has been outright fraud committed in the plaintiff's pleadings. *Fahnestock & Co. v. Castelazo*, 741 F.Supp. 72, 74 (S.D.N.Y.1990); *Allied*, 592 F.Supp. 1274; *see also Batoff*, 977 F.2d at 851 (quoting *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990) ("where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek joint judgment")).

Since the Defendant herein does not allege any outright fraud by the Plaintiff, the Court turns to the issue of whether it is possible, based on the pleadings, that Plaintiff has a claim against ITT. *Truglia*, 692 F.Supp. at 275. The Plaintiff has alleged, and, for purposes of the instant motion, the facts must be resolved in its favor,[6] that ITT entered into an agreement with Plaintiff, fraudulently misrepresented its intentions to employ Plaintiff, and used Plaintiff's information to acquire Ciga stocks. However, Defendant ITT did not negotiate or sign the contract, nor was it a party to the contract. Plaintiff thus attempts to reach ITT by piercing the corporate veil.

■ Piercing the corporate veil is a state law claim. Under the New York choice of law principles "[t]he law of the state of incorporation determines when the corporate

---

with information as to when the Defendants received the Complaint. Defendants' Notice of Removal and Removal Petition represents that the removal was timely. The Court will proceed based on the Defendants' representation.

**5.** Section 1332 of Title 28 states, "[t]he district courts shall have original jurisdiction of all civil matters where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—(1) citizens of different states...." 28 U.S.C. § 1332.

**6.** All substantive facts and uncertainties as to the law must be resolved in favor of the Plaintiff. *Flintkote*, 565 F.Supp. at 845.

form" will be pierced. *Fletcher v. Atex, Inc.,* 68 F.3d 1451, 1456 (2d Cir.1995) (quoting *Fletcher v. Atex, Inc.,* 861 F.Supp. 242, 244 (S.D.N.Y.1991) (quoting *Kalb, Voorhis & Co. v. American Fin. Corp.,* 8 F.3d 130, 132 (2d Cir.1993))). ITT is incorporated in Delaware. (Compl. ¶ 3.) Hence, Delaware law controls.

■ Piercing the corporate veil to expose the parent to liability is permitted "where there is fraud or where [it] is in fact a mere instrumentality or alter ego of its owner." *Fletcher,* 68 F.3d at 1457 (quoting *Geyer v. Ingersoll Publications Co.,* 621 A.2d 784, 793 (Del.Ch.1992)). As the Court in *Fletcher* points out, the Delaware Supreme Court has never explicitly adopted a theory of alter ego parent liability for its subsidiaries, but the lower courts and the United States District Court for the District of Delaware have adopted the standard. *Fletcher,* 68 F.3d at 1457.

■ Fraud is not required. *Id.* However, if there is no fraud then the Plaintiff must show (1) that the parent and the subsidiary "operated as a single economic entity" and (2) that an "overall element of injustice or unfairness . . . [is] present." *Id.* (quoting *Harper v. Delaware Valley Broadcasters, Inc.,* 743 F.Supp. 1076, 1085 (D.Del. 1990), *aff'd,* 932 F.2d 959 (3d Cir.1991)). To determine whether a parent and its subsidiary are a "single economic unit" there are several factors to consider, including:

> [W]hether the corporation was adequately capitalized for the corporate undertaking; whether the corporation was solvent; whether dividends were paid, corporate records kept, officers and directors functioned properly, and other corporate for-

malities were observed; whether the dominant shareholder siphoned corporate funds; and whether, in general, the corporation simply functioned as a facade for the dominant shareholder.

*Harco Nat'l Ins. Co. v. Green Farms, Inc.,* No. Civ.A. 1331, 1989 WL 110537, at *5 (Del.Ch. Sept. 19, 1989) (quoting *United States v. Golden Acres, Inc.,* 702 F.Supp. 1097, 1104 (D.Del.1988)). Furthermore, "[a] plaintiff seeking to persuade a Delaware court to disregard the corporate structure faces 'a difficult task.'" *Fletcher,* 68 F.3d at 1458 (quoting *Harco,* 1989 WL 110537 at *4.)

■ In the Complaint Plaintiff simply alleges "At all times hereafter mentioned, the defendant ITT–Sheraton is controlled by, and its activities directed by, ITT and its officers and Board of Directors." (Compl. ¶ 5.) Defendants contend this is insufficient, under New York law, to support piercing the corporate veil. While the law of Delaware applies here, the Court agrees that under the law of either jurisdiction Plaintiff's pleadings are insufficient to meet its burden to support a claim of piercing the corporate veil.

The standard requires that Plaintiff plead that ITT and ITT–Sheraton were a single economic entity. Here, there have been no facts advanced in the pleadings to support this claim. There are no facts in the pleadings showing that ITT was inadequately capitalized, that ITT–Sheraton was insolvent, that dividends were not paid, or corporate records improperly kept, or officers and directors functioned improperly, or that ITT siphoned funds from ITT–Sheraton or anything in general that shows ITT was the facade of ITT–Sheraton. Any facts forwarded by the Plaintiff, whether in the Complaint or in the Affidavits,[7] are insufficient as a

---

7. Plaintiff points to the following evidence (SEC documents and an affidavit by John I. Bralower, managing director of Sonnenblick–Goldman) that along with the pleadings is still insufficient to support its cause of action against ITT.

Mr. Bralower claims to have been personally involved in the Ciga transactions and have personal knowledge with regard to the following facts:

—Michael D. Cryan sent Dennis F. Macguire to Italy to obtain information regarding the merits of the Ciga transaction for Rand V. Araskog, Chairman, President and Chief Executive of ITT.

Mr. Bralower claims Araskog was directly involved, as he directed Cryan to gather information for him. (Bralower Dec. ¶ 4.)

—Mr. Bralower claims that it was always clear that the ultimate decisions lay with ITT and final approval from them was required. (Bralower Dec. ¶ 5.)

—The Quarterly Report (Form 10–q) filed by ITT with the SEC cites the acquisition of 35% of Ciga Hotels SpA. (Bralower Dec. ¶ 6.)

—ITT's in-house counsel appeared on behalf of the ITT entities. (Bralower Dec. ¶ 7.)

matter of law to show that ITT and ITT–Sheraton were a single economic unit.

■■■ In Count Three of the Complaint, Plaintiff alleges Defendant was involved in a fraudulent scheme to avoid paying the Plaintiff. In order to prove fraud, the Plaintiff must first plead and then show the following requirements: 1) that ITT made a representation of a material fact; 2) that the representation was false; 3) that ITT knew the representation was false (scienter); 4) that Plaintiff relied on the representation; and 5) that Plaintiff suffered damages. *Bank Leumi Trust Co. v. D'Evori Int'l Inc.*, 558 N.Y.S.2d 909, 914–15 (N.Y.A.D. 1st Dep't 1990); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 39 n. 8 (S.D.N.Y.1992), *aff'd*, 23 F.3d 398 (2d Cir.), *cert. denied*, — U.S. ——, 115 S.Ct. 365, 130 L.Ed.2d 318 (1994).

■■■ However, Federal Rule of Civil Procedure 9(b) states that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "To be sufficient under Rule 9(b) 'a complaint must adequately specify the statements it claims were false and misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.'" *L.L. Cool J.*, 145 F.R.D. at 38 (quoting *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir.1989)); *see also DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987). Before the Court can even evaluate the possibility of Plaintiff making out a claim of fraud there must be a Complaint that has been properly pled. Here, there is no specificity as to what fraudulent statements were made, when they were made and what agents of ITT, if any, made them. *DiVittorio*, 822 F.2d at 1247 (where multiple defendants are alleged to have engaged in fraud, the pleader must allege the specific role of each defendant in the fraud). Only Defendant Cryan is mentioned by name; otherwise, the facts alleged in this portion of Plaintiff's Complaint are too general and too sparse. (Compl. at 6–7.) Hence, the Court finds that Plaintiff cannot proceed with a fraud claim based on these pleadings.

Defendant has shown that the Plaintiff has no possibility of a claim at this stage in the proceedings and therefore removal based on fraudulent joinder was proper. Because the Complaint does not plead the legal elements of piercing the corporate veil claim, nor the elements of fraud with the required amount of specificity, the claims against ITT are dismissed.

ITT having been dismissed from the case, the Court now has diversity jurisdiction over the Plaintiff's remaining claims. Hence, Plaintiff's Motion to Remand is hereby denied. Furthermore, Plaintiff's Request to Amend the Complaint is Denied.

SO ORDERED.