John PAMPILLONIA, Plaintiff–
Appellant,

v.

RJR NABISCO, INC., Nabisco Foods
Group, Planters Lifesavers Com-
pany, Defendants–Appellees.

Docket No. 97–7709.

United States Court of Appeals,
Second Circuit.

Argued Dec. 8, 1997.
Decided Feb. 24, 1998.

Joel L. Finger, New York City, (Michael P. Pappas, Roberts & Finger, New York City, of counsel), for Defendants–Appellees.

(Steven A. Morelli, Leeds & Morelli, Carle Place, NY, on the brief), for Plaintiff–Appellant.

Before MINER, PARKER and WOOD, JR.,* Circuit Judges.

PARKER, Circuit Judge.

John Pampillonia appeals from the order and judgment of the United States District Court for the Southern District (Lawrence M. McKenna, *Judge*) denying his motion to remand the matter to the Supreme Court of the State of New York, granting the motion of defendant RJR Nabisco, Inc. ("RJRN") to dismiss the action as to RJRN and granting the remaining defendants' motion for summary judgment. For the reasons stated below, we affirm.

## I. BACKGROUND

John Pampillonia, a citizen of the State of New York, filed a complaint in state court on or about September 18, 1996, alleging that he was discharged by Planters Lifesavers Company ("Planters") in retaliation for opposing discriminatory practices in violation of N.Y.Exec.Law. § 296. Pampillonia also claimed breach of contract and misrepresentation based on a statement in Planters' personnel manual that employees will not be retaliated against for opposing unlawful employment practices. The complaint named RJRN, Planters' twice removed corporate parent, as a defendant.[1] On November 1, 1996, defendants filed a notice for removal in the United States District Court for the Southern District of New York on the basis of diversity of citizenship, and on November 4, 1996, filed a Fed.R.Civ.P. 12(b)(6) motion in the district court to dismiss RJRN as a party defendant. On November 18, 1996, plaintiff cross-moved to remand to state court.

Defendants moved for summary judgment dismissing plaintiff's claims on December 20, 1996, contending *inter alia* that the plaintiff had signed a release that prevented him from bringing this action. By an order entered May 7, 1997, the district court denied plaintiff's motion for remand to state court, granted RJRN's motion to dismiss RJRN as a party, and granted the remaining defendants' motions for summary judgment. Plaintiff appealed. For the reasons given below, we affirm the judgment of the district court.

## II. SUBJECT MATTER JURISDICTION

There is no dispute that if RJRN, as a citizen of New York,[2] is a proper party to the action, its presence destroys diversity citizenship, and thereby deprives the district court of subject matter jurisdiction under 28 U.S.C. § 1332 (which requires complete diversity between all plaintiffs and defendants) and defeats the defendants' petition for removal. *See* 28 U.S.C. § 1441. As defendants contend, however, and as has been recognized by several district courts in this Circuit, a plaintiff may not defeat a federal court's diversity jurisdiction and a defen-

---

* The Honorable Harlington Wood, Jr., of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

1. Planters is an operating division of defendant Nabisco, Inc., which answered on behalf of named defendant Nabisco Foods Group. Nabisco, Inc. is a wholly owned subsidiary of defen-

dant Nabisco Holdings Corp. RJRN owns an 80.5% interest in Nabisco Holdings Corp.

2. RJRN's principal place of business is New York. RJRN is therefore a citizen of New York for the purposes of diversity of citizenship. *See R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 654 (2d Cir.1979).

dant's right of removal by merely joining as defendants parties with no real connection with the controversy. *See, e.g., Sonnenblick–Goldman Co. v. ITT Corp.,* 912 F.Supp. 85, 88–90 (S.D.N.Y.1996); *Fahnestock & Co. Inc. v. Castelazo,* 741 F.Supp. 72 (S.D.N.Y.1990); *Allied Programs Corp. v. Puritan Ins. Co.,* 592 F.Supp. 1274 (S.D.N.Y.1984); *Saxe, Bacon & Bolan, P.C. v. Martindale–Hubbell, Inc.,* 521 F.Supp. 1046 (S.D.N.Y.1981); *Quinn v. Post,* 262 F.Supp. 598 (S.D.N.Y. 1967). In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court.[3] The defendant seeking removal bears a heavy burden of proving fraudulent joiner, and all factual and legal issues must be resolved in favor of the plaintiff.

In this case, plaintiff asserts two bases on which RJRN could have been held liable under New York law for Planters' alleged retaliatory termination.[4] The first is that RJRN is plaintiff's "employer" within the meaning of New York's Human Rights law. This determination turns on a number of factors, *see Goyette v. DCA Adver., Inc.,* 830 F.Supp. 737, 746 (S.D.N.Y.1993), in particular, whether the alleged employer exercised control over the employee's conduct and the incidents of his employment, *see Alie v. NYNEX Corp.,* 158 F.R.D. 239, 246 (E.D.N.Y.1994). Plaintiff's second basis is

that RJRN exercised "domination and control" over Planters and therefore RJRN can be held liable for Planters' torts and breaches of contract. *See American Protein Corp. v. AB Volvo,* 844 F.2d 56, 60 (2d Cir.1988).

Plaintiff's complaint fails to allege sufficient factual foundations to support either of these claims. There is no basis upon which to determine whether RJRN exercised control over plaintiff's working conditions or Planters' employment policies and practices. *See Alie,* 158 F.R.D. at 246. In fact, the only mention of RJRN in the complaint is the allegation that RJRN was incorporated in Delaware and has an office in New York. Likewise, the complaint fails to allege facts that could establish a basis for piercing the corporate veil between RJRN and Planters for the purpose of holding RJRN liable for Planters' misrepresentations or breaches of contract. *See Sonnenblick–Goldman Co.,* 912 F.Supp. at 89.

Pampillonia contends that the facts contained in his affidavit submitted in the court below indicate that RJRN was directly involved with Planters' employees and provide a sufficient basis for imposing liability on RJRN. Those facts include plaintiff's participation in a retirement plan offered to employees of RJRN, the fact that plaintiff was offered the opportunity to participate in an RJRN employee stock ownership program, was entitled to take advantage of corporate wide education initiatives offered by RJRN, and received RJRN correspondence informing Planters' employees of RJRN's corporate goals. We disagree that this is sufficient to implicate RJRN in Planters' employment

---

**3.** For various formulations of the same test in this Circuit, *see Sonnenblick–Goldman, Co.,* 912 F.Supp. at 88 ("In evaluating the existence of fraudulent joinder, the Court must determine whether the mere possibility exists that plaintiff can establish any cause of action against a defendant."); *Allied Programs Corp. v. Puritan Ins. Co.,* 592 F.Supp. 1274, 1276 (S.D.N.Y.1984) ("Joinder will be considered fraudulent when it is established 'that there can be no recovery [against the defendant] under the law of the state on the cause alleged.' ") (quoting *Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir. 1962)). We note that other circuits have adopted similar tests to determine whether a party has been fraudulently joined in an action. *See, e.g., Madison v. Vintage Petroleum, Inc.,* 114 F.3d 514 (5th Cir.1997); *Hoosier Energy Rural Elec. Co-*

*op., Inc. v. Amoco Tax Leasing IV Corp.,* 34 F.3d 1310 (7th Cir.1994); *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108 (3d Cir.1990); *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553 (11th Cir. 1989); *McCabe v. General Foods Corp.,* 811 F.2d 1336 (9th Cir.1987).

**4.** As both parties have invoked New York law regarding the test for piercing the corporate veil, we need not undertake a choice of law inquiry. *See American Fuel Corp. v. Utah Energy Dev. Co.,* 122 F.3d 130, 134 (2d Cir.1997); *Wm. Passalacqua Builders v. Resnick Developers,* 933 F.2d 131, 137 (2d Cir.1991); *Walter E. Heller & Co. v. Video Innovations, Inc.,* 730 F.2d 50, 52 (2d Cir.1984).

practices and policies, or to establish that RJRN and Planters are a single entity. Moreover, defendants submitted an affidavit averring that RJRN took no part in hiring, discharging or making any other personnel decisions regarding Planters, and that RJRN and Planters had separate corporate officers, books and accounts.[5] Accordingly, since there is no possibility, based on the pleadings, that plaintiff can state a cause of action against RJRN in state court, the district court correctly denied plaintiff's motion to remand to the state court and granted the motion to dismiss RJRN as a party to the action.

### III.  THE EFFECT OF PLAINTIFF'S RELEASE

Having determined that the case was properly removable to district court and that there was subject matter jurisdiction based on diversity, the court below applied New York law to determine whether the plaintiff had any claim against the remaining defendants. When plaintiff was informed in early 1992 that he was to be terminated effective March 31, 1992, his supervisor, Curtis New, told him that his termination resulted solely from a restructuring of the company. Plaintiff asked New whether an incident taking place approximately one year earlier, in which plaintiff had testified in an internal investigation about his former supervisor's racist remarks about African–American employees in the company, had anything to do with his termination. New said that it had not.

In connection with his termination, plaintiff signed a termination agreement which entitled him to a six and a half month continuation of his salary and other employee benefits (benefits to which he would not have been entitled had he not signed the agreement). The agreement contained the following release:

THE COMPENSATION AND BENE-FITS ARRANGEMENTS SET FORTH IN THIS AGREEMENT ARE IN LIEU OF ANY RIGHTS OR CLAIMS THAT YOU MAY HAVE WITH RESPECT TO SEVERANCE BENEFITS, OR ANY OTHER FORM OF REMUNERATION FROM THE COMPANY, AND IN CONSIDERATION THEREOF, AFTER THE OPPORTUNITY TO CONSULT LEGAL COUNSEL IN WHICH YOU ARE HEREBY SO ADVISED TO DO IN CONNECTION WITH THIS LETTER, AND PARTICULARLY, THIS PARAGRAPH WHICH IS A WAIVER AND RELEASE, YOU HEREBY RELEASE THE COMPANY AND ITS DIRECTORS, OFFICERS, AND EMPLOYEES FROM ALL CLAIMS OR ACTIONS ARISING FROM OR IN ANY WAY RELATED TO YOUR EMPLOYMENT OR TERMINATION OF YOUR EMPLOYMENT, INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS ARISING UNDER THE FEDERAL AGE DISCRIMINATION IN EMPLOYMENT ACT, TITLE VII OF THE FEDERAL CIVIL RIGHTS ACT, OR ANY OTHER FEDERAL, STATE OR LOCAL STATUTES CONCERNING EMPLOYMENT, AND YOU AGREE TO BRING NO ACTION, CHARGE, SUIT, OR OTHER PROCEEDING IN CONNECTION HEREUNDER.

Prior to signing the release, plaintiff discussed the agreement with the Planters' director of compensation and benefits, who advised him that: (1) if he did not sign the agreement he would not be entitled to any compensation; and (2) if he discovered information subsequent to signing the agreement which related to his employment or termination, he could still pursue legal action against the company. Plaintiff did not consult a lawyer, although advised to do so by the release. He signed the agreement 29 days after he received it. In May 1995, New allegedly informed plaintiff that the real reason for his termination was his speaking out against discrimination within the company.

---

**5.** Plaintiff further claims that it is entitled to discovery in order to make the necessary factual allegations to substantiate its claims against RJRN. However, plaintiff does not have the right to discovery that it claims: its complaint may be dismissed on the basis of plaintiff's vague and conclusory allegations which do not provide any possibility of success under state law. *See, e.g., Alie,* 158 F.R.D. at 246.

Approximately one and a half years later, plaintiff filed this action.

 Under New York law, a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced. *See Skluth v. United Merchants & Mfrs., Inc.,* 163 A.D.2d 104, 106, 559 N.Y.S.2d 280, 282 (1st Dep't 1990). There can be no doubt that the release in this case is clear and unambiguous on its face. The only question is whether the representation by plaintiff's supervisor that his termination resulted from restructuring rather than retaliatory discrimination or the representation by the benefits administrator regarding plaintiff's ability to sue if plaintiff discovered new information, renders the release not "knowingly and voluntarily" entered into.

*Skluth* is on all fours with this case. There, plaintiff's employer told him that his termination was due to the company's decision to cease operation in plaintiff's area. However, plaintiff claimed his discharge was the result of age discrimination, pointing to the fact that he was replaced with a younger employee. Additionally, the company's benefits administrator represented to plaintiff that his signing of a release would not affect any subsequent actions which he might choose to take against the defendant. The court held that the plaintiff's action was barred by the release. The court was influenced by the fact that plaintiff had ample opportunity to seek legal advice prior to signing the release and plaintiff was an educated, experienced businessman. In the present case, plaintiff has an associates' degree in business and had been working with Planters since 1974. The release itself advised plaintiff to seek legal advice and plaintiff had the agreement for nearly a month before he signed it. Although the court in *Skluth* did not specifically analyze the effect of the two representations, the court held that the release was knowingly and voluntarily made and clearly covered all claims whether already accrued or which might arise subsequently, including the plaintiff's assertion of age discrimination. *See also Fay v. Petersen Pub. Co.,* 52 F.E.P. 1531, 1533, 1990 WL 67397 (S.D.N.Y.1990) ("Although at the time of signing plaintiff may have had no inkling that he would bring an age discrimination claim in the future, he should have understood from the language of the agreement that he was giving up 'any known or unknown claims' against the company related to his termination.")

Accordingly, we hold that the release is unambiguous, was knowingly and voluntarily entered into, and therefore bars the plaintiff from bringing the present action. The district court properly granted defendants' motion to dismiss plaintiff's complaint. For the foregoing reasons, the judgment of the district court is affirmed.