Susan **ROSSBACH**, Plaintiff,

v.

**LORILLARD, INC. and Hollingsworth & Vose Co.**, Defendants.

**No. 99 Civ. 2549 (RMB).**

United States District Court, S.D. New York.

May 13, 1999.

Robert Jay Kirshenberg, Alan Mansfield, Greenberg Traurig, New York City, for Lorillard, Inc.

William E. Vita, Gallagher, Gosseen, Faller, Kaplan & Crowley, Garden City, NY, William E. Vita, Nutter, McClennen & Fish, Boston, MA, for Hollingsworth & Vose Co.

## ORDER

BERMAN, District Judge.

### Background

On March 31, 1999, plaintiff filed this action in Supreme Court, New York County, against defendants Lorillard, Inc. ("Lorillard") and Hollingsworth & Vose Co. ("H & V"). On April 7, 1999, plaintiff filed an Amended Complaint adding two defendants: Loews Corporation ("Loews")

and Lorillard Tobacco Company ("LTC").[1] Also on April 7, 1999, apparently a few hours after plaintiff filed her Amended Complaint, defendants Lorillard and H & V filed a Notice of Removal with the Clerk's office of this Court on the basis of diversity of citizenship.[2]

By letter application, dated April 13, 1999, plaintiff seeks a remand to the Supreme Court, New York County. Plaintiff, a citizen of New York, asserts that since defendant Loews is also a citizen of New York[3], this Court does not have subject matter jurisdiction based on diversity of citizenship.[4] Defendants oppose plaintiff's application for remand, arguing that the inclusion of Loews in the Amended Complaint constitutes "fraudulent joinder" which cannot support an application to remand.

**For the reasons set forth herein, the application for remand is denied.**

### Discussion

It is well settled that removal statutes are strictly construed and defendants bear the burden of proving that diversity exists. *See Negrin v. Alza Corp.*, 1999 WL 144507 at *1 (S.D.N.Y. March 17, 1999). The Court of Appeals for the Second Circuit has recognized that "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabis-*

1. Plaintiff claims that Loews was added as a defendant when plaintiff learned that "Lorillard was wholly owned by Loews Corporation." (Pl.Reply, p. 1). In his affidavit, Mark S. Schwartz, Assistant Controller of Loews Corporation, states that "[i]n 1989, Lorillard Tobacco Company was formed, and the operations of Lorillard, Inc. were transferred to Lorillard Tobacco Company. Lorillard, Inc. became a holding company. Lorillard Tobacco Company is a wholly-owned subsidiary of Lorillard, Inc. Lorillard, Inc. is, in turn, a wholly-owned subsidiary of Loews Corporation." (Schwartz Aff., ¶ 8).

2. Under cover of a letter to this Court, dated April 16, 1999, plaintiff enclosed an affidavit

of the messenger who filed the Amended Complaint stating that it was filed at "about 12:00 noon" in Supreme Court, New York County. The plaintiff also enclosed a copy of the first page of the Notice of Removal stamped "filed" by this Court at 4:52 p.m.

3. Loews' principal office and place of business is in New York. (Schwartz Aff., ¶ 2). The other newly named defendant. LTC, is not a citizen of New York and its status as a defendant is not at issue here.

4. Diversity of citizenship is this Court's only basis of subject matter jurisdiction.

co, *Inc.*, 138 F.3d 459, 460–61 (2d. Cir. 1998). The *Pampillonia* Court went on to state that:

> In order to show that naming a non-diverse defendant is a 'fraudulent join-der' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court. The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff.

*Id.* at 461. Here, defendants have not argued that plaintiff committed outright fraud in the pleadings. Thus, the Court must examine whether, based on the pleadings, plaintiff can sustain a claim against Loews in state court. *See Negrin,* 1999 WL 144507 at *3.

█ Plaintiff argues that Loews is an appropriate defendant because "a strong case can be made to 'pierce the corporate veil' and Loews could be held liable for the acts of Lorillard." (Pl.Reply, p. 3). However, plaintiff's only allegation against Loews in the Amended Complaint is that "[u]pon information and belief, defendant LOEWS CORPORATION is a Delaware Corporation with its principal place of business in New York State." (Amended Compl., ¶ 7). This allegation is insufficient to support a cause of action against Loews in state court. *See Pampillonia,* 138 F.3d at 461.

In *Pampillonia,* a case in point with the one at bar, the Second Circuit rejected plaintiff's claims against defendant RJR Nabisco, Inc. and denied plaintiff's motion to remand holding that:

> There is no basis upon which to determine whether RJRN [RJR Nabisco, Inc.] exercised control over plaintiff's working conditions or Planters' employ-ment policies and practices. . . . In fact, the only mention of RJRN in the complaint is the allegation that RJRN was incorporated in Delaware and has an office in New York. Likewise, the complaint fails to allege facts that could establish a basis for piercing the corporate veil between RJRN and Planters for the purpose of holding RJRN liable for Planters' misrepresentations or breaches of contract.

*Pampillonia,* 138 F.3d at 461. Here, plaintiff's counsel conceded the flaw in his case at oral argument on April 22, 1999, stating that plaintiff's "amended complaint is deficient in that it doesn't sufficiently plead the cause of action against Loews." (Transcript, pp. 19–20).

### Conclusion and Order

Accordingly, the action against defendant Loews is hereby dismissed and plaintiff's application to remand is denied. *See Sonnenblick–Goldman Co. v. ITT Corp.,* 912 F.Supp. 85, 88 (S.D.N.Y.1996)(where "fraudulent joinder is found, and the requirements of jurisdiction are otherwise met, then the case was properly removed and the Court has subject matter jurisdiction").

The parties are directed to appear at a scheduling conference on May 21, 1999, at 3:30 p.m., in Courtroom 706 of the U.S. Courthouse, 40 Centre Street, New York, New York.