**Gerard J. SHERIDAN, Plaintiff–Appellant,**

v.

**The McGRAW HILL COMPANIES, INC., Defendant–Appellee.**

No. 01–7221.

United States Court of Appeals, Second Circuit.

Nov. 20, 2001.

Stanley N. Futterman, New York, N.Y. for plaintiff-appellant.

Gregory I. Rasin, Jackson Lewis Schnitzler & Krupman, New York, NY; Valerie K. Wilde, Jackson Lewis Schnitzler & Krupman, New York, NY, on brief, for defendant-appellee.

Present MINER, McLAUGHLIN, STRAUB, Circuit Judges.

SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Gerard J. Sheridan is a former employee of defendant McGraw Hill Companies, Inc. Sheridan charges his former employer with terminating his employment on the basis of age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633. The District Court (Naomi Reice Buchwald, *District Judge*) granted summary judgment in favor of McGraw Hill and dismissed Sheridan's complaint on the grounds that Sheridan had knowingly and voluntarily waived any age discrimination claims against McGraw Hill in exchange for an enhanced severance package. On appeal, Sheridan argues that his waiver was invalid because McGraw Hill fraudulently induced him to sign the agreement by misrepresenting material facts. We agree with the District Court's holding that Sheridan has produced no specific evidence that the state-

ments made to him were fraudulent misstatements of material fact. We therefore AFFIRM the judgment of the District Court.

In 1997, McGraw Hill reorganized its Retail Division, including the division where Sheridan served as Director. As part of the reorganization, Del Johnson was appointed Vice President of Finance, a newly created position intended to provide coordinated financial information and support to the Retail Division. On March 10, 1998, Del Johnson informed Sheridan that he was being terminated. Del Johnson gave Sheridan a memorandum dated March 9, 1998, that stated, in relevant part, that "the Company has decided to reorganize the Retail Division Finance Group in order to be more responsive to the business groups [sic] needs. As a result of this reorganization your position as a Director is eliminated effective April 3, 1998. This is not a reflection on you." McGraw Hill also detailed the termination benefits which Sheridan would receive, including a severance payment of approximately twenty-five thousand dollars.

Sheridan subsequently met with the Director of Human Resources for Retail Brokerage, and they negotiated an enhanced severance package. Pursuant to the agreement, Sheridan would receive, among other benefits, an additional severance payment of about twenty-two thousand dollars. In exchange for the additional benefits, Sheridan would have to sign a waiver and release of any claims, including age discrimination claims, which Sheridan might have as a result of his termination. Sheridan spoke to his attorney and, in reliance on the company's statement that his termination was a result of the reorganization, signed the agreement.

Sheridan subsequently learned that the company hired a younger woman as "Controller, Retail Services." He believes that this woman was his replacement, although

it is undisputed that she occupies a more senior post—she is at a co-equal level as Sheridan's former supervisor. Sheridan also claims that his waiver was obtained by the fraudulent representation that he was fired because his position was eliminated. In fact, he believes that he was fired because McGraw–Hill wanted to hire a younger replacement.

We review the District Court's grant of summary judgment *de novo*. *See Brown v. City of Oneonta*, 106 F.3d 1125, 1130 (2d Cir.1997). Since this is a motion for summary judgment, we resolve all factual disputes, and draw all inferences, in favor of the party opposing the motion. *Id.* The validity of an employee's waiver of ADEA claims is governed by the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f) *et seq.*, which requires that any waiver of rights or claims under ADEA be knowing and voluntary. At a minimum, this requires that waivers comply with the specific duties imposed by OWBPA, 29 U.S.C. § 626(f)(1). *See Tung v. Texaco Inc.*, 150 F.3d 206, 208–209 (2d Cir.1998) *(per curiam )*. Additionally, the district court must review the "totality of the circumstances" and determine that the waiver is knowing and voluntary. *See id.; see also Bormann v. AT & T Communications, Inc.*, 875 F.2d 399, 403 (2d Cir.), *cert. denied*, 493 U.S. 924, 110 S.Ct. 292, 107 L.Ed.2d 272 (1989); *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 463 (2d Cir.1998).

We agree with the District Court that the plaintiff's waiver was knowing and voluntary. Sheridan does not contend that his wavier did not comply with the specific, minimum requirements enumerated in OWBPA. Instead, he argues that the company fraudulently induced him to sign the waiver by representing that his termination was a result of the company's reorganization, rather than a reflection on him. The downfall of Sheridan's argument is

that he provided the District Court with no evidence supporting his view. He does not dispute that the company engaged in a reorganization or that the company eliminated his position. Nor does he deny that his purported replacement had a position with greater institutional authority than the one he held. As the District Court held, Sheridan raised no issue of material fact requiring jury resolution. The District Court properly concluded that, based on the undisputed facts, Sheridan's waiver was knowing and voluntary.

We have considered all of Sheridan's claims, and we find them to be without merit. For the reasons set forth, we AFFIRM the judgment of the District Court.