Michael STEWART, Plaintiff,

v.

The RAYMOND CORPORATION, Abel Womack, Inc. and Womack Material Handling Systems, Inc., Defendants.

Michael Stewart, Plaintiff,

v.

Womack Material Handling Systems, Inc., Defendants.

Nos. CV 08–3645, CV 06–1648.

United States District Court, E.D. New York.

Nov. 14, 2008.

Tiger & Danguanno LLP by Stephen Tiger, Esq., New York, NY, for Plaintiff.

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP by Phillip A. Tumbarello, Esq., White Plains, NY, for Defendants.

WEXLER, District Judge.

In the two above-captioned related cases, Plaintiff seeks compensation for an on-the-job injury he suffered while operat-

ing a forklift in 2005. A state court case was commenced in late 2005, and removed to this court on the basis of diversity of citizenship in 2006. After eighteen months of discovery, this court granted Plaintiff's lawyer's request to be relieved from further representation of Plaintiff. In early 2008, after the granting of several extensions of time in which to do so, Plaintiff obtained new counsel to represent him in connection with the 2005 injury. Instead of picking up where outgoing counsel left off, Plaintiff's newly engaged attorney chose instead to commence a second state court action, based upon the same 2005 incident. That action names as a defendant a company previously dismissed by Plaintiff's first counsel.

Despite the fact that the newly reinstated Defendant defeats full diversity of citizenship among the parties, Defendants removed the second state court action to this court. In support of removal, Defendants allege fraudulent joinder of the non-diverse defendant for the purpose of defeating federal jurisdiction. Presently before the court is Plaintiff's motion to remand the second action to state court. In addition to remand, Plaintiff seeks either consolidation of the earlier federal action with the new state action, or dismissal of the earlier federal action without prejudice pending the outcome of the new state court action.

## BACKGROUND

### I. *Factual Background and Prior Proceedings*

#### A. *The Injury and the 2006 Action*

On August 11, 2005, Plaintiff, an employee of the Home Depot, was injured while operating a forklift at his place of employment. On October 27, 2005, Plaintiff commenced an action in New York State Court. According to the complaint, the brakes on the forklift failed as a result of an improper repair. Named as the Defendant in that action was the Raymond Corporation ("Raymond"), a manufacturer of forklifts. The complaint alleged that Raymond was the company that repaired the forklift that Plaintiff was operating at the time of his accident. After being informed by defense counsel that Womack Material Handling Systems ("Womack") was the company responsible for maintaining forklifts used at the Home Depot, Plaintiff amended his state court complaint to name Womack as a Defendant.[1] Shortly thereafter, Plaintiff, who was represented by counsel, agreed to discontinue his action against Raymond.

Because dismissal of Raymond from the state court action resulted in complete diversity of citizenship between the parties, Womack was able to remove the action to this court. Removal was effected on April 7, 2006, and the case came before this court under assigned index number 06–1648 (the "2006 Action").

The parties to the 2006 Action proceeded to engage in eighteen months of pretrial discovery, aimed primarily at identifying the forklift involved in Plaintiff's accident. During the course of discovery it became clear that Plaintiff was having difficulty identifying the particular forklift that he was operating on the day of his injury. In an effort to try to identify the forklift, Plaintiff took discovery against non-party Home Depot. Home Depot produced its file regarding the incident, but Plaintiff remained unable to identify the forklift. On May 11, 2007,

---

**1.** The court is aware that there are three separate Womack-related entities involved in these lawsuits. For ease of reference only, and without prejudice to any future argument related to the relationship among these entities, the court refers to the entities collectively herein as "Womack."

Plaintiff was given the opportunity to inspect each of the forklifts manufactured by Raymond that were in use on the date of his accident. Even after this inspection, Plaintiff could not identify the forklift that he was operating when he was injured. Nor could he rule out any of the forklifts inspected as being involved in the incident.

After the inspection of the forklifts, Plaintiff's counsel engaged in further discovery to try to identify the forklift that was operated by his client on the day of the accident. Specifically, counsel asked for all repair and service records for each of the Raymond forklifts present at the Home Depot on the day of Plaintiff's accident. Despite the fact that the forklifts were of different models, and Plaintiff could not identify the model that he was operating when injured, Defendants provided to counsel all repair, service and maintenance records for all of the forklifts in use at the Home Depot on the day of the accident. In addition to providing all service records, Home Depot produced a witness for deposition. The Home Depot deponent was not a witness to the Plaintiff's accident. He was, however, familiar with the routine incident to repair of the Raymond forklifts, and testified that no problems were found with any that were in service on the date of the accident.

In January of 2008, Plaintiff's counsel sought permission from this court to be relieved as counsel. That request was granted by order of this court dated January 29, 2008. Upon relieving Plaintiff's counsel from further representation of Plaintiff, this court granted Plaintiff until March 18, 2008, to secure new counsel. Plaintiff thereafter requested, and was granted additional time in which to engage counsel. The first extension of time expired on April 18, 2008, the second on May 18, 2008 and the third on June 16, 2008. After scheduling a final pretrial confer-ence, the court was informed that Plaintiff had finally secured counsel to represent him in this matter. A notice of appearance of newly engaged counsel was filed on September 2, 2008.

### B. *The 2008 Action*

Plaintiff's new counsel did not simply pick up the 2006 Action where prior counsel left off. Instead, on August 11, 2008, three years, to the day, after the date of the accident, counsel commenced a new action in New York State Court to seek compensation for Plaintiff's injuries (the "2008 Action"). The 2008 Action names Womack as a Defendant and also reinstates the previously dismissed forklift manufacturer, Raymond, as a Defendant. Unlike the 2006 Action, the 2008 Action alleges not only negligent repair of the forklift, but also causes of action sounding in strict product liability against Raymond, in its capacity as the alleged manufacturer of the forklift involved in the accident. As to identification of the forklift involved, the complaint in the 2008 Action refers, by specific serial number, to three separate Raymond forklifts, alleging that each was involved in the incident that resulted in Plaintiff's injury.

Shortly after commencement of the 2008 New York State action, Defendants removed the action to this court. In view of the obvious relation to the 2006 Action, the newly removed action was assigned to this court. That action is pending under docket number 08–3645.

### C. *Plaintiff's Motion*

Presently before the court is Plaintiff's motion to remand the 2008 Action to the state court on the ground that the absence of diversity defeats federal jurisdiction. Plaintiff also seeks consolidation of the 2006 Action with the 2008 Action so that both can be tried in the State Court. In

the alternative, Plaintiff seeks (in addition to remand) dismissal without prejudice, of the 2006 Action pending the outcome of the 2008 Action in New York State Court. In opposition to the motion, Defendants argue that the naming of Raymond to the 2008 Action is fraudulent joinder effectuated only to defeat federal jurisdiction. Defendants seek dismissal of Raymond and to go forward with a motion for summary judgment dismissing the complaint.

## DISCUSSION

### I.  Legal Principles: Fraudulent Joinder

■ It is well-settled that complete diversity of citizenship is necessary to sustain federal jurisdiction. *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply,* 409 F.3d 73, 80 (2d Cir.2005). A plaintiff, however, may not defeat diversity jurisdiction by the joinder of non-diverse defendants with no real connection to the litigation. Such fraudulent joinder results in dismissal of the non-diverse defendant, and denial of a motion to remand. *See generally Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 461 (2d Cir.1998).

■ Fraudulent joinder is demonstrated by showing either: (1) fraud in the plaintiff's pleadings or (2) "that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia,* 138 F.3d at 461. The burden of proving fraudulent joinder is "heavy," as it must be demonstrated by clear and convincing evidence. *Id.; Cleary v. Boston Scientific Corp.,* 2006 WL 2689815*2 (E.D.N.Y.2006). Additionally, all factual and legal issues are to be resolved in favor of the plaintiff. *Pampillonia,* 138 F.3d at 461. The issue is not whether the plaintiff is likely to prevail against the non-diverse defendant, but whether the pleading sets forth any possible claim under state law. *Cleary,* 2006 WL 2689815 *3.

### II.  Disposition of the Motion: Possibility of Claim Against Raymond

■ There is no allegation of fraud in this matter. The issue is therefore whether it is possible for Plaintiff to state a cause of action, under New York law, against Raymond under the facts herein.

Were this case newly filed with no discovery having been taken, the outcome would be clear. In the absence of discovery, this court would be unable to conclude, as the fraudulent joinder standard set forth in *Pampillonia* requires, that it is "impossible" for Plaintiff to state a claim against Raymond. *Pampillonia,* 138 F.3d at 461. Under those circumstances, the court would find that Defendants failed to meet the heavy burden of showing, by clear and convincing evidence, the impossibility of stating some claim under New York law, and the case would be remanded.

The facts here, however, are different. This is not a newly litigated matter, and Plaintiff does not write on a clean slate. While the case in which remand is sought was commenced in 2008, the accident forming the basis of the lawsuit has been the subject of litigation in this court since 2006. Plaintiff ought not to be able to ignore the extensive discovery that has thus far taken place. While it is clear that Plaintiff suffered injury while operating a forklift, certain other facts have also come to light as a result of the discovery taken thus far. First, it is clear that there were different model forklifts in operation at Plaintiff's place of employment on the day of Plaintiff's accident. While it appears that all were manufactured by Raymond, the forklifts are different models, and Plaintiff has been unable, thus far, to identify which he was operating on the date of the accident.

In the face of these facts, Plaintiff's new counsel assures the court that Plaintiff will

be able to identify the forklift at issue when he is deposed. Such an outcome appears unlikely at this juncture, but cannot be ruled out entirely. Although the evidence thus far suggests strongly that Plaintiff will not ultimately be able to identify the manufacturer, there has been no finding by this court that Plaintiff's case against any Defendant should be dismissed. The issue has not been briefed, and the court is reluctant to make such a finding in the context of this motion to remand.

In view of the fact that the court cannot state with certainty that the case against Raymond is entirely impossible, the court is constrained to grant the motion to remand the 2008 Action. In reaching its decision the court makes clear that it in no way relies upon the recitation of other cases pending against Raymond in state court, as outlined in Plaintiff's Reply Memorandum of Law. Defendants point out, and this court agrees, that the mere fact of the pendency of other matters commenced against Raymond has no bearing on the merits of this case.

Finally, the court denies Plaintiff's requests with respect to the 2006 Action. In fairness, and in recognition of the discovery taken since 2006, the court holds that the 2006 Action will be neither consolidated for remand nor dismissed pending the outcome of the 2008 State Court Action. The parties will continue to litigate the 2006 Action in this court.

### CONCLUSION

For the foregoing reasons the motion to remand the case filed under docket number 08–3645, is granted and the case is remanded to the Supreme Court of the State of New York, County of Kings. The Clerk of the Court is directed to send the file to that court, and to close the file in this matter. This court will retain jurisdiction over the case now pending under docket number 06–1648.

SO ORDERED.