17-966-cv
Benihana of Tokyo, LLC v. Angelo, Gordon & Co., et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand eighteen.

PRESENT:  BARRINGTON D. PARKER
          PETER W. HALL,
          RAYMOND J. LOHIER, JR.,

          *Circuit Judges*.

------------------------------------------------------------------------

BENIHANA OF TOKYO, LLC,

                    *Plaintiff-Appellant*,

          v.                                              No. 17-966-cv

ANGELO, GORDON & CO., L.P.,

BENIHANA, INC.,

                    *Defendants-Appellees*.

------------------------------------------------------------------------

FOR APPELLANT:              Joseph L. Manson III, Law Offices of Joseph L.
                            Manson III, Alexandria, Virginia.

FOR APPELLEES:              Nicole Gueron, Clarick Gueron Reisbaum LLP,
                            New York, New York.

Alan H. Fein, Joshua A. Munn, Jenea M. Reed, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Miami, Florida.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered by the district court on March 27, 2017, is AFFIRMED.

The district court found that Appellee Angelo, Gordon & Co., L.P. ("AGC") had been fraudulently joined as a defendant in the action to defeat diversity jurisdiction, denied Appellant's motion to remand this case to New York state court, and dismissed the case in its entirety. Appellant argues the case should have been remanded. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we recite here only to the extent necessary to explain our reasoning.

We examine a district court's decision on a motion to remand *de novo*. *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 214 (2d Cir. 2010).

Federal district courts have original jurisdiction over civil actions between "citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "[E]ach plaintiff's citizenship must be different from the citizenship of each defendant" for the district court to have diversity jurisdiction. *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004).

It is well established in this Circuit that "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as [a] defendant[] [a] part[y] with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir. 1998). Under the doctrine of fraudulent joinder, courts overlook the presence of a

2

non-diverse defendant if "there is no possibility, based on the pleadings, that [the] plaintiff can state a cause of action against the non-diverse defendant in state court." *Id.* at 461. "The defendant seeking removal bears a heavy burden of proving fraudulent joinder" by clear and convincing evidence. *Id.*

Here, Appellant claims tortious interference with contract against AGC. Appellant's complaint itself, however, pleads the elements of the affirmative defense of economic interest under New York law. *See White Plains Coat & Apron Co. v. Cintas Corp.*, 867 N.E.2d 381, 383–84 (N.Y. 2007); *Foster v. Churchill*, 665 N.E.2d 153, 154 (N.Y. 1996). It is thus legally impossible for Appellant to assert its claim against AGC in state court.

We have considered all of Appellant's arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court