19-1761-cv
*Compunnel Software Group Inc. v. Gupta*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand twenty-one.

PRESENT:
> JOHN M. WALKER, JR.,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

COMPUNNEL SOFTWARE GROUP, INC.,

> *Petitioner-Counter-*
> *Claimant-Counter-*
> *Defendant-Appellee,*

v.                                                                      19-1761

ARVIND GUPTA,

> *Respondent-Counter-*
> *Defendant-Counter-*
> *Claimant-Appellant,*

MARTY WALSH, in his official capacity as Secretary, United States Department of Labor,

> *Respondent-Counter-*
> *Defendant-Appellee.*

---

FOR PETITONER-COUNTER-

CLAIMANT-COUNTER-
DEFENDANT-APPELLEE:

SANJAY CHAUBEY,
Law Offices of Sanjay Chaubey,
New York, NY.


FOR RESPONDENT-COUNTER-
DEFENDANT-COUNTER-
CLAIMANT-APPELLANT:

ARVIND GUPTA, *pro se*,
New York, NY.


FOR RESPONDENT-COUNTER-
DEFENDANT-APPELLEE:

BRANDON M. WATERMAN, Benjamin H. Torrance,
Assistant United States Attorneys, *for* Geoffrey S.
Berman, United States Attorney for the Southern
District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Arvind Gupta, pro se, appeals from a series of district court orders in his proceeding against his former employer, Compunnel Software Group, Inc., and his petition for review of an administrative proceeding before an Administrative Law Judge ("ALJ") and the Administrative Review Board ("ARB") of the U.S. Department of Labor ("DOL"). Compunnel employed Gupta from 2007 to 2009. In 2008, Gupta filed an administrative complaint against Compunnel before the Wage and Hour Division ("WHD") of the DOL, alleging violations of the H-1B visa program under the Immigration and Nationality Act (INA) based on failure to pay required wages. Ultimately, in 2016, the parties entered into a settlement agreement and the ALJ dismissed the matter pursuant to the agreement. Gupta then repudiated the settlement agreement and sought review by the ARB. The ARB denied his petition for review on the grounds that the settlement agreement was facially valid and the ARB did not have the authority to review Gupta's collateral attacks on the agreement's validity. Gupta then sought review in the district court. After discovery, the district court granted Compunnel's and the DOL's motions for summary judgment and denied Gupta's cross-motion for partial summary judgment, reasoning that the DOL's decision was not arbitrary and capricious because the settlement agreement was valid, the approval was procedurally proper, and the agreement was otherwise fair and reasonable. Gupta moved for reconsideration; the district court denied the motion. Gupta then appealed from the order denying reconsideration, the order and judgment granting Compunnel summary judgment, and several earlier orders. We assume the parties' familiarity with the record. Because the district court correctly concluded that the settlement agreement was valid and enforceable, its judgment is affirmed, and Gupta's appeals from the prior orders are moot. *See Chevron Corp. v. Donziger*, 990 F.3d 191, 202 n.6 (2d Cir. 2021); *Wallach v. Lieberman*, 366 F.2d 254, 259 (2d Cir. 1966).

When reviewing a district court's "grant of summary judgment involving a claim brought under the Administrative Procedure Act, we review the administrative record *de novo* without according deference to the decision of the district court." *Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007). However, we will only set aside agency decisions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or where there is no "rational connection between the facts found and the choice made." *See id.* at 267–68 (citing 5 U.S.C. § 706(2)(A)).

Here, the ALJ and ARB approved, and the district court enforced, the settlement agreement between Gupta and Compunnel. In reviewing a district court's decision to enforce a settlement agreement, we review legal conclusions de novo and factual findings, including whether a settlement agreement existed and the parties assented to it, for clear error. *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 323–24 (2d Cir. 1997). We review a district court's denial of reconsideration for abuse of discretion. *See Harris v. Kuhlmann*, 346 F.3d 330, 348 (2d Cir. 2003).

The district court did not err by concluding that Gupta entered into a valid settlement agreement with defendants.[1] "A settlement agreement is a contract that is interpreted according to general principles of contract law." *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007). In New York, "one who signs a document is, absent fraud or other wrongful act of the other contracting party, bound by its contents." *Da Silva v. Musso*, 53 N.Y.2d 543, 550 (1981). Further, "a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 463 (2d Cir. 1998) (citing *Skluth v. United Merchants & Mfrs., Inc.*, 559 N.Y.S.2d 280, 282 (1st Dep't 1990)).

The record shows that Gupta, after negotiating with Compunnel about the payment schedule and terms of the release, signed the settlement agreement. The agreement provided that Compunnel would pay Gupta $28,000 "as payment in full and final compensation from [Compunnel] to Gupta arising from or in any way related to the employment of Gupta with [Compunnel]." More specifically, the parties agreed to "giv[e] up their right to a trial in connection with the allegations contained in the complaints filed with U.S. Department of Labor - Wage and Hour Division (WHD) against [Compunnel] or any other rights which are the subject of this Agreement and Stipulation including any rights in the administrative proceedings in [the ALJ, ARB, or district court cases]." Thus, the district court correctly ruled that the terms of the release contained in the settlement agreement were clear and unambiguous and enforced its terms accordingly.

---

[1] Gupta only conclusorily challenges the district court's ruling that the language of the settlement agreement was clear and unambiguous, and that it was not procured through fraud or duress. In passing, Gupta refers to "the unconscionable settlement of 'INA' claims" and that he signed one page of the settlement agreement "under duress." These two conclusory statements, unexplained and unsupported by legal authority, are not sufficient to properly raise an argument on appeal. *See Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013).

Gupta's remaining arguments attacking the validity of the settlement agreement, and the ALJ's (and ARB's) authority to approve, as here, a facially valid settlement agreement, are meritless. As an initial matter, ALJs have "all powers necessary to conduct fair and impartial proceedings," which include, among other things, the power to "[t]erminate proceedings through dismissal or remand when not inconsistent with statute, regulation, or executive order" and "[i]ssue decisions and orders." 29 C.F.R. § 18.12(b). Gupta has not pointed to any provision of the INA or its implementing regulations that limits the ALJ's (or ARB's) authority to dismiss a case pursuant to a valid settlement agreement. *See Talukdar v. Dep't of Veterans Affs.*, ARB No. 04-100, 2007 WL 352434, at *2 (DOL Admin. Rev. Bd. Jan. 31, 2007) (concluding that ARB has the same authority as ALJs to dismiss H-1B cases based on settlements reached by the parties).[2] The parties appeared before the ALJ and agreed that the settlement had "the same force and effect as an [o]rder made after a full hearing pursuant to 20 C.F.R. § 655.840 in accordance with 29 C.F.R. § 18.71(b)(1)." Further, the record demonstrates that Gupta was personally present when the parties submitted the agreement to the ALJ, did not then object to it, and negotiated and signed the agreement himself. Lastly, the ARB's decision constituted a "final agency action" subject to judicial review substantially for the reasons stated by the district court. *See Bennett v. Spear*, 520 U.S. 154, 177–78 (1997); *see also* 5 U.S.C. § 704. Accordingly, Gupta's agreement with Compunnel is valid, it extinguished his claims against his former employer, the DOL's ALJ and ARB properly approved the settlement, and the district court correctly granted Compunnel and the DOL summary judgment and denied relief on reconsideration.

We have considered all of Gupta's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] As the district court acknowledged, H-1B claims are settled routinely. *See* U.S. Dep't of Labor, Office of Administrative Law Judges, LCA Decisions, https://www.oalj.dol.gov/PUBLIC/INA/REFERENCES/CASELISTS/LCA_DECISIONS.HTM.