Nancy Ruth NOSONOWITZ, Plaintiff,

v.

ALLEGHENY BEVERAGE CORPORA-
TION, Morton M. Lapides, Harry J.
Conn, Anthony Joseph Hering, William
W. Kane, Valu Vend, Inc., Valu Vend
Credit Corporation, Miles A. Bahl, and
First Duso Securities Corporation, De-
fendants.

No. 78 Civ. 3853 (CHT).

United States District Court,
S. D. New York.
Jan. 12, 1978.

Rosen, Crane & Wolfson, Poughkeepsie, N. Y., for plaintiff; William G. Crane, Poughkeepsie, N. Y., of counsel.

Webster & Sheffield, New York City, for defendants Allegheny Beverage Corporation, Morton M. Lapides, Harry J. Conn, Anthony Joseph Hering, William W. Kane, Valu Vend, Inc. and Valu Vend Credit Corp.; Lloyd S. Clareman, New York City, of counsel.

## OPINION

TENNEY, District Judge.

Plaintiff sued all the named defendants in the Supreme Court of the State of New York, Dutchess County, alleging fraud in the sale to her of 1,500 shares of common stock issued by defendant Allegheny Beverage Corporation ("ABC"). In each of four causes of action she demanded judgment against the defendants in the amount of $19,800, the purchase price of the shares she purportedly bought in reliance on the alleged fraud. The defendants ABC, Morton M. Lapides, Harry J. Conn, Anthony Joseph Hering, William W. Kane, Valu Vend, Inc. and Valu Vend Credit Corporation (hereinafter the "diversity defendants") are all nonresidents of New York. They have petitioned for removal of the action to this Court pursuant to 28 U.S.C. § 1446. Defendants First Duso Securities Corporation ("First Duso") and Miles A. Bahl ("Bahl") are allegedly the underwriter of the securi-

ty and its principal, respectively. Both are citizens of New York; neither has responded to the complaint nor joined in the petition for removal.

Plaintiff has now petitioned the Court for remand to the state, alleging that removal is improper on two grounds: (1) that the petition for removal was not timely filed, 28 U.S.C. § 1446(b); and (2) that First Duso and Bahl are properly joined so as to defeat diversity jurisdiction in this Court. The diversity defendants counter that the joinder of Bahl and First Duso is "fraudulent," that word being used as a legal term of art to refer to the joinder of unnecessary or nominal parties in order to defeat federal jurisdiction. *See Jacks v. Torrington Co.,* 256 F.Supp. 282, 285 (D.S.C.1966).

■ Diversity defendants do not dispute that their petition for removal is untimely by the standards of section 1446(b); however, if the joinder of First Duso and Bahl was indeed "fraudulent," then the defendants were not bound by the thirty-day time limit in that section.[1] *Parks v. New York Times Co.,* 195 F.Supp. 919, 924 (M.D.Ala. 1961), *rev'd on other grounds,* 308 F.2d 474 (5th Cir. 1962), *cert. denied,* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964). Therefore, the disposition of this motion to remand and the validity of the removal ab initio both turn on whether the non-diverse defendants were fraudulently joined. For the following reasons, the Court concludes that such joinder was not fraudulent, and accordingly the plaintiff's motion to remand is granted.

The diversity defendants base their claim of fraudulent joinder on the apparent insolvency of first Duso and of Bahl. They document the fact that Bahl was adjudicated a bankrupt and state that First Duso "appears to be defunct." Affidavit of Lloyd S. Clareman, sworn to September 11, 1978, ¶ 2(i) & (ii) and Exhs. A & C. They complain that the joinder of these defendants was motivated solely by a desire to defeat diversity jurisdiction and imply that the mere mechanical sale of stock to the plaintiff through First Duso—because it is not the gravamen of the complaint—is somehow separable from the cause of action as pleaded. Primarily they urge that First Duso and Bahl are neither necessary nor indispensable to the action, since no pecuniary damages—the only relief sought—could be obtained against either. From this "practical" view they see the joinder as fraudulent.

■ The burden is on the removing defendants to show fraudulent joinder by clear and convincing evidence. *Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir. 1962); Wright-Miller-Cooper, *Federal Practice and Procedure* § 3723, at 54 (1976). "Whether the joinder is fraudulent or not is said to depend on whether the plaintiff really intended to obtain a judgment against [the resident] defendants." 1A Moore's *Federal Practice* ¶ 0.161[2], at 210 (2d ed. 1974) ("Moore's"). That intent is measured by objective indices. In *Parks* the court explored the applicable authorities and concluded that

> there can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard. One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

*Parks, supra,* 308 F.2d at 478.

■ Viewed from this perspective, the diversity defendants' showing is insufficient to prove fraudulent joinder, for "intent to obtain a judgment" is clearly not co-extensive with "intent to collect upon that judgment." Likewise, that the plaintiff may have had the motive to defeat diversity jurisdiction in joining Bahl and First Duso

---

1. Likewise the normal rule that all defendants must join in a petition for removal, *Committee of Interns & Residents v. New York State Labor Relations Bd.,* 420 F.Supp. 826, 832 (S.D.N.Y.1976), a predicate not met in the instant case, is also disregarded in the case of joinder of a nominal or formal party. *Tri-Cities Newspapers, Inc. v. Tri-Cities Pressmen & Assistants' Local 349,* 427 F.2d 325 (5th Cir. 1970).

is immaterial: "Even if a defendant has been joined solely to prevent removal, such joinder is not fraudulent if the plaintiff does have a claim against the resident defendants." *Harris Diamond Co. v. Army Times Pub. Co.,* 280 F.Supp. 273, 275 (S.D. N.Y.1968). Nor does the magnitude of the alleged culpability of the diversity defendants in any way diminish the exposure of the non-diversity defendants. The latter are clearly responsible for their acts under the securities laws. 15 U.S.C. § 77k(a) makes the issuer liable for loss resulting from the purchase or sale of any security made in reliance on a false registration statement and with it certain persons connected with it; subsection (a)(5) extends that liability to an underwriter. Moreover, 15 U.S.C. § 77k(f) states that "[a]ll or any one or more of the persons specified in subsection (a) of this section shall be jointly and severally liable." The Supreme Court has specifically held that "where there is a *prima facie* joint liability, averment and proof that resident and nonresident tortfeasors are jointly sued for the purpose of preventing removal does not amount to an allegation that the joinder was fraudulent, and will not justify a removal from the state court." *Mecom v. Fitzsimmons Drilling Co.,* 284 U.S. 183, 189, 52 S.Ct. 84, 87, 76 L.Ed. 233 (1931).

Finally, the Court sees no merit in the diversity defendants' main contention, *i. e.,* that because Bahl and First Duso cannot respond in money damages they are mere "formal" parties to this action, their presence being neither indispensable nor necessary to the relief requested and, a fortiori, in "fraud" of the Court's jurisdiction. In support of this proposition, the diversity defendants rely on *Stoneybrook Tenants Ass'n, Inc. v. Alpert,* 194 F.Supp. 552 (D.Conn.1961). In that case two non-diverse corporations in the process of dissolution were joined with diversity defendants in an action to enforce a written agreement relating to a housing development. The court found that the practical considerations arising from the actual controversy supported removal, holding that the corporations were "no more than formal, nominal parties to this action [and] that they are neither necessary nor indispensable parties," *id.* at 560, and refusing the remand.

The particular facts in *Stoneybrook* support its conclusion: at the time of suit neither corporation had any interest in the housing development—indeed, the agreement sued upon contained a disclaimer of interest by them. The corporations were parties to the agreement only by virtue of the fact that they were required to execute certain leases, having been parties to earlier litigation which resulted in the agreement sued upon. Moreover, and perhaps dispositive, the corporations appear to have been merely the individual defendants in corporate form, an identity not present in the facts at bar. Thus, while the *Stoneybrook* court focused in part on the inability to respond in damages of the non-diverse corporate defendants, *id.* at 558–59, many other circumstances entered into the decisional calculus.

To the extent that the diversity defendants in this case draw from *Stoneybrook* the proposition that the insolvency of a non-diverse defendant is by itself sufficient proof of fraudulent joinder, they are directly at odds with a venerable line of cases and authorities. In *Chicago, Rock Island and Pacific Railway Co. v. Schwyhart,* 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473 (1913), Mr. Justice Holmes stated that

> the motive of the plaintiff, taken by itself, does not affect the right to remove. If there is a joint liability, he has an absolute right to enforce it, whatever the reason that makes him wish to assert the right. Hence the fact that the [diversity defendant] is rich and [the non-diversity defendant] poor does not affect the case.

*Id.* at 193, 33 S.Ct. at 251 (citations omitted). *See also Chicago, Rock Island & Pacific Railway Co. v. Whiteaker,* 239 U.S. 421, 36 S.Ct. 152, 60 L.Ed. 360 (1915); 1A Moore's ¶ 0.161[2], at 214 ("[t]he motive for joining . . . a [resident] defendant is immaterial, even when the defendant is judgment proof").

For all of the foregoing reasons the Court concludes that removal was improper, and the petition to remand is granted. However, in connection with the plaintiff's motion for costs incurred in the petition for remand, 28 U.S.C. § 1447(c), the Court will exercise its discretion to refuse the request. *Columbia Pictures Corp. v. Towne Theatre Corp.*, 282 F.Supp. 467 (E.D.Wis.1968). This is not a case where such costs are warranted because "lack of jurisdiction was obvious from the face of the petition." *Dunkin Donuts of America v. Family Enterprises, Inc.*, 381 F.Supp. 371, 373 (D.Md.1974).

So ordered.