**Everett D. STEWART, Plaintiff,**

v.

**A.G. EDWARDS & SONS, INC., Edward Martin Meadows and Ecco Gas Corporation, Defendants.**

**Civ. A. No. 3:86–3130–16.**

United States District Court,
D. South Carolina,
Columbia Division.

April 10, 1987.

Mitchell M. Willoughby, Columbia, S.C., for plaintiff.

Thomas R. Gottshall, Columbia, S.C., for defendants.

### ORDER

HENDERSON, District Judge.

This matter is before the Court on the plaintiff's motion for summary dismissal pursuant to 28 U.S.C. § 1446(c)(4). For the reasons set forth below, the motion is granted.

The plaintiff brought this action in state court alleging violations of the South Carolina Uniform Securities Act, §§ 35–1–10 *et*

*seq.,* of the Code of Laws of South Carolina, 1976, and common law fraud in the sale of a security and in the obtaining of a release. The plaintiff is a resident of South Carolina as is the defendant Edward Martin Meadows. The two remaining defendants are corporations incorporated in states other than South Carolina with their principal places of business outside South Carolina.

In November 1986, Meadows filed a petition in the United States Bankruptcy Court for relief under the bankruptcy statutes. Defendant A.G. Edwards & Sons, Inc., then petitioned for removal of this action to the United States District Court on grounds that diversity of citizenship was created when "jurisdiction over matters relating to Meadows was moved to the Federal Bankruptcy Court."

■ Removal in this action is improper because diversity of citizenship does not exist. While Meadows' bankruptcy petition operates as a stay of the "commencement or continuation ... of a judicial ... action or proceeding against the debtor," 11 U.S.C. § 362(a), it is not tantamount to a dismissal of Meadows as a party defendant in this action but merely suspends the proceedings. *See David v. The Hooker, Ltd.,* 560 F.2d 412 (9th Cir.1977). The stay continues in effect only until one of the events specified in the Bankruptcy Act occurs. 11 U.S.C. § 362(c)(2).

■ Where diversity does not exist among the parties at the commencement of the state court action, it can be tested again at the time of removal only if the removal is premised on actions by the plaintiff amounting to a voluntary dismissal of the nondiverse defendant. *Heniford v. American Motors Sales Corp.,* 471 F.Supp. 328, 334 (D.S.C.1979). Because the Court finds that Meadows' bankruptcy petition does not operate as a dismissal, however, we do not reach the issue of whether the dismissal must amount to a voluntary dismissal by the plaintiff as required by *Whitcomb v. Smithson,* 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303 (1900).

Accordingly, this action is remanded to the Court of Common Pleas, County of Richland, State of South Carolina. Further, the actions entitled *Rabon, et al. v. A.G. Edwards & Sons, Inc., et al.,* C.A. No. 86–3112; *Gerald D. Fielder v. A.G. Edwards & Sons, Inc., et al.,* C.A. No. 86–3113; *Donald M. Buzhardt v. A.G. Edwards & Sons, Inc., et al.,* C.A. No. 86–3114; *Linda M. Kelly v. A.G. Edwards & Sons, Inc., et al.,* C.A. No. 86–3115; *Krofchick, et al. v. A.G. Edwards & Sons, Inc., et al.,* C.A. No. 86–3116; *Dorothy M. Krofchick v. A.G. Edwards & Sons, Inc., et al.,* C.A. No. 86–3117; *Col. Ralph M. Hofmann v. A.G. Edwards & Sons, Inc., et al.,* C.A. No. 86–3125; *Fuller, et al. v. A.G. Edwards & Sons, Inc., et al.,* C.A. No. 86–3126; *C.J. David v. A.G. Edwards, Inc., et al.,* C.A. No. 86–3127; *Henry Castles v. A.G. Edwards & Sons, Inc., et al.,* C.A. No. 86–3128; *Robert C. Dalrymple v. A.G. Edwards & Sons, Inc., et al.,* C.A. No. 86–3129; *Scott, et al. v. A.G. Edwards & Sons, Inc., et al.,* C.A. No. 86–3131, which are companion cases also removed to this Court, are likewise remanded for the reasons set forth above.

IT IS SO ORDERED.