**STORR OFFICE SUPPLY DIVISION, A DIVISION OF STORR OFFICE ENVIRONMENTS, INC., Plaintiff,**

v.

**RADAR BUSINESS SYSTEMS—RALEIGH, INC., Radar Business Systems, Inc., and Radar Holdings Corporation, Defendants.**

No. 93–444–CIV–5–H.

United States District Court,
E.D. North Carolina,
Raleigh Division.

Oct. 1, 1993.

Samuel T. Wyrick, III, Wyrick, Robbins, Yates & Robbins, Raleigh, NC, for plaintiff.

E.D. Gaskins, Jr., Katherine A. O'Connor, Everett, Gaskins, Hancock & Stevens, Raleigh, NC, for defendants.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on the plaintiff's motion to remand this action to the Wake County Superior Court, filed on August 19, 1993. The defendants responded to the motion and the plaintiff filed a reply. This matter is now ripe for ruling.

### PROCEDURAL BACKGROUND

The plaintiff initiated this action in Wake County Superior Court on June 18, 1993. On July 21, 1993, the defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1446, alleging that defendant Radar Business Systems—Raleigh, Inc., ("Radar—Raleigh") was merely a nominal party and that, thus, this court had diversity jurisdiction in this matter. On the grounds that this court lacked diversity jurisdiction, the plaintiff moved to remand this action to the Wake County Superior Court.

### FACTUAL BACKGROUND

The only facts relevant to the motion before the court are those describing the parties and their relationship to the plaintiff's claims. In the complaint, Storr Office Supply Division ("Storr") asserts two claims for relief arising from an Asset Sale Agreement and Covenant not to Compete executed by Storr and Radar—Raleigh. The complaint alleges that, under the terms of the agreement, Radar—Raleigh agreed to purchase various assets of Storr for a total sum of $250,000—$200,000 in cash at closing and $50,000 on October 15, 1991, as evidenced by a Promissory Note. The complaint further alleges that, in consideration for the Agreement and Covenant not to Compete, Radar—Raleigh was to pay the sum of $300,000 in three equal installments. In conjunction with the Asset Sale Agreement, defendants Radar Business Systems, Inc., ("Radar Business") and Radar Holdings Corporation ("Radar Holdings") executed a Guaranty ex-

pressly guaranteeing the obligations of Radar—Raleigh, including the $300,000 owed in exchange for the Agreement and Covenant not to Compete. The plaintiff brought this action against Radar–Raleigh for breach of contract and against Radar Business and Radar Holdings as guarantors of Radar—Raleigh's obligations.

Storr is a corporation organized under the laws of the State of North Carolina with its principal place of business in North Carolina. Radar—Raleigh is a corporation organized under the laws of the State of North Carolina with its principal place of business in Raleigh, North Carolina. At the time this action commenced in state court, Radar—Raleigh had ceased conducting any active business, had no substantial assets or liabilities, and had no address, telephone number, or employees. Radar—Raleigh was formally dissolved on September 7, 1993, by the filing of Articles of Dissolution pursuant to N.C.Gen.Stat. § 55–14–03. Radar Business is a Tennessee corporation with its principal place of business in Tennessee. Radar Holdings is a Delaware corporation with its principal place of business in Tennessee. ·

The defendants caused this action to be removed under 28 U.S.C. § 1441 upon the assertion that defendant Radar—Raleigh was a nominal party who should be disregarded for purposes of determining diversity. In the absence of Radar—Raleigh, the defendants allege that complete diversity exists between the plaintiff and the defendants and the requirements of 28 U.S.C. § 1332 are satisfied. In its motion to remand, the plaintiff argues that Radar—Raleigh is not merely a nominal or formal party, but a real party in interest. Thus, the question this court must determine is whether Radar—Raleigh, an inactive corporation without meaningful assets and/or liabilities at the time the complaint and petition for removal were filed, is a nominal party fraudulently joined so as to destroy diversity jurisdiction.

## DISCUSSION

The defendant or defendants in any civil action brought in a state court may remove the action to the division of the United States District Court embracing the place where such action is pending provided that the District Court has original subject matter jurisdiction. 28 U.S.C. § 1441(a). If the District Court's original jurisdiction is based upon diversity of citizenship, removal is authorized "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

The removal statutes are to be strictly construed against removal, with any doubt in a particular case to be resolved against removal. *Oliver v. American Motors Corp.*, 616 F.Supp. 714, 715 (E.D.Va.1985). Where fraudulent joinder is alleged, the defendants have the burden of showing fraudulent joinder by clear and convincing evidence. *Nosonowitz v. Allegheny Beverage Corp.*, 463 F.Supp. 162, 163 (S.D.N.Y.1978). In determining whether a defendant is fraudulently joined for diversity purposes, it is the duty of the court " 'to arrange the parties with respect to the actual controversy, looking beyond the formal arrangement made by the bill.' " *Stonybrook Tenants Ass'n v. Alpert*, 194 F.Supp. 552, 558 (D.Conn.1961) (quoting *Helm v. Zarecor*, 222 U.S. 32, 36, 32 S.Ct. 10, 11, 56 L.Ed. 77 (1911)).

Diversity jurisdiction exists when the amount in controversy exceeds $50,000 and the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1). The plaintiff's request for damages far exceeds $50,000 and this requirement is not in issue. As to diversity of citizenship, in a removal case, the court must examine the citizenship of the parties at the time suit is commenced and at the time the removal petition is filed. *Id.* 194 F.Supp. at 556.

Fraudulent joinder is "the joinder of unnecessary or nominal parties in order to defeat federal jurisdiction." *Nosonowitz*, 463 F.Supp. at 163. The key factor in determining whether joinder is fraudulent is whether the plaintiff intended to obtain a judgment against the defendant alleged to be fraudulently joined. *Id.* (quoting 1A Moore's *Federal Practice* ¶ 0.161[2], at 210 (2d ed. 1974)).

In *Nosonowitz*, the defendants argued that joinder of two defendants, one bankrupt and one apparently defunct, was fraudulent be-

cause they were "neither necessary nor indispensable to the action, since no pecuniary damages—the only relief sought—could be obtained against either." *Id.* The court rejected this argument, holding that the plaintiff's intent to *obtain* a judgment, not its intent to *collect* upon the judgment, was controlling, without regard to whether the plaintiff's motive in joining a "poor" defendant was to destroy diversity. The court relied upon the holding in *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir.1962), *cert. denied*, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964):

> [T]here can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard. One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

In light of these principles, the court finds that Radar—Raleigh is a real party in interest and, therefore, this court lacks diversity jurisdiction over this action. This conclusion is based upon several considerations. First, Radar—Raleigh is the sole defendant named in Count One, the breach of contract claim. Radar—Raleigh, as the principal obligor on the Asset Sale Agreement, is directly related to the subject matter of plaintiff's claims.

Second, Radar—Raleigh has a direct interest in the claims asserted in plaintiff's complaint because they could result in a judgment against it. The mere fact that a corporation is defunct does not mean that it cannot be sued to collect existing debts. Even after dissolution, a corporation remains subject to legal proceedings in its corporate name. North Carolina General Statute § 55–14–05(b) expressly provides that "[d]issolution of a corporation does not: ... (5) Prevent commencement of a proceeding by or against the corporation in its corporate name; (6) Abate or suspend a proceeding pending by or against the corporation on the effective date of dissolution." Thus, the fact that Radar—Raleigh ceased conducting business in 1992 and formally dissolved in September 1993,

after commencement of this suit, does not make it less of a necessary party to this proceeding.

Third, the plaintiff has alleged a cause of action against Radar—Raleigh for breach of contract which is direct evidence of the plaintiff's intent to obtain a judgment against Radar—Raleigh. The defendants have not asserted that the plaintiff's breach of contract claim lacks any arguable basis in law or fact. They rely on the argument that, because the plaintiff most likely will be unable to collect a judgment from Radar—Raleigh, joinder of Radar—Raleigh must be fraudulent. As stated in *Parks*, a defendant's inability to satisfy a judgment bears no relation to the plaintiff's intent to obtain a judgment.

Because this court finds that Radar—Raleigh was not fraudulently joined as a party, but, rather, is a real party in interest, complete diversity does not exist between the plaintiff and the defendants as required by 28 U.S.C. § 1332. The court notes that, in their response to the plaintiff's motion, the defendants raised a question as to the identity of the real plaintiff-party in interest. However, the identity of the plaintiff is not relevant to the court's ruling on this motion because, in light of 28 U.S.C. § 1441(b), removal would be permissible only if none of the defendants resided in North Carolina. Therefore, assuming arguendo that diversity existed between the parties, the court's conclusion that Radar—Raleigh is a real party in interest precludes removal because one defendant resides in North Carolina.

## CONCLUSION

For the foregoing reasons, the court concludes that removal was improper. Accordingly, the court hereby GRANTS the plaintiff's motion to remand. However, the court finds that this is not a case where lack of jurisdiction was obvious from the face of the petition, and, therefore, the plaintiff's request for costs associated with this motion is DENIED. The court ORDERS that this matter be remanded to the Wake County Superior Court.