SUTTON WOODWORKING MACHINE COMPANY, INC.; and Nova Technologies, Inc., Plaintiffs,

v.

MEREEN–JOHNSON MACHINE COMPANY; and Group Seven Systems, Inc., Defendants.

No. CIV. 1:03CV01133.

United States District Court, M.D. North Carolina.

July 29, 2004.

Charles F. Marshall, III, Robert James King, III, Brooks Pierce Mclendon Humphrey & Leonard, Greensboro, NC, for Plaintiffs and Counter–Defendants.

J. David James, Smith James Rowlett & Cohen, Greensboro, NC, John Edward Connelly, Robert W. Vaccaro, Faegre & Benson, Minneapolis, MN, for Defendants and Counter–Claimants.

## MEMORANDUM OPINION

BULLOCK, District Judge.

Before the court is Plaintiffs' motion to remand this civil action to the General Court of Justice, Superior Court Division, Guilford County, North Carolina, pursuant to 28 U.S.C. § 1447(c). Plaintiffs, in addition to their contention that there is an absence of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), also ask the court to abstain from hearing this case for lack of jurisdiction pursuant to 28 U.S.C. § 1334(c)(2). Plaintiffs have also requested an award of costs and attorney fees upon remand pursuant to 28 U.S.C. § 1447(c). For the following reasons, Plaintiffs' motion to remand will be granted, and Plaintiffs' request for an award of costs and attorney fees upon remand will be denied.

### FACTS

Sutton Woodworking Machine Company, Inc. ("Sutton"), is a North Carolina corporation with its principal place of business in Guilford County, North Carolina. Nova Technologies, Inc. ("Nova"), is a North Carolina corporation with its principal place of business in Mecklenburg County, North Carolina. Sutton represents several manufacturers of woodworking equipment, and Nova manufactures and assembles different types of electronic components for woodworking equipment.

Mereen–Johnson Machine Company ("Mereen–Johnson") is a Minnesota corporation with its principal place of business in Minnesota. Group Seven Systems, Inc. ("Group Seven"), is a North Carolina corporation with its principal place of business in Hudson, North Carolina. Mereen–Johnson and Group Seven (collectively "Defendants") manufacture and sell woodworking equipment. Sutton and Nova (collectively "Plaintiffs") have maintained a commercial relationship with Defendants for several years.

On January 28, 2003, Plaintiffs filed this civil action against Defendants in the General Court of Justice, Superior Court Division, Guilford County, North Carolina. Plaintiffs' initial complaint stated two claims against Defendants for breach of contract on the following bases: (1) Defendants' failure to pay Sutton over $240,000 in sales commissions that Defendants allegedly owed to Sutton under the terms and conditions of an exclusive representation agreement; and (2) Defendants' alleged cancellation of a purchase order placed with Nova for certain products and services valued at approximately $727,340. Plaintiffs' initial complaint also stated a separate claim against Defendants for declaratory relief pursuant to North Carolina General Statute § 1–253.

On March 31, 2003, Defendants filed a joint answer to Plaintiffs' complaint in which Defendants denied the material allegations contained in Plaintiffs' complaint and asserted several affirmative defenses to the allegations contained in Plaintiffs' complaint. Defendants also stated four separate counterclaims for relief against Sutton and Nova on the bases of breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. On April 30, 2003, Plaintiffs filed a reply to Defendants' counterclaims in which Plaintiffs asserted several affirmative defenses to Defendants' counterclaims.

On July 31, 2003, Plaintiffs filed an amended complaint that stated another claim against Defendants for breach of contract on the basis of Defendants' failure to pay Nova over $75,000 that Defendants allegedly owed to Nova under the terms and conditions of a series of contracts for goods and services. Plaintiffs' amended complaint also contained the same material allegations and the same claims for relief as Plaintiffs' initial complaint, including the

following allegation regarding Mereen–Johnson's liability for Group Seven's purported acts and omissions:

> 5. Upon information and belief, Mereen–Johnson owns most or all of the stock of Group Seven, and Mereen–Johnson actively directs and controls the day-to-day operations and activities of Group Seven. Upon information and belief, there is such an identity of interest and lack of corporate distinctiveness between Mereen–Johnson and Group Seven that Mereen–Johnson is responsible and liable for the acts and omissions of Group Seven, as set forth herein.

(Compl. ¶ 5; Am. Compl. ¶ 5.) On August 18, 2003, Defendants filed a joint answer to Plaintiffs' amended complaint in which Defendants denied the material allegations contained in Plaintiffs' complaint and asserted several affirmative defenses to the allegations contained in Plaintiffs' amended complaint, including the defense of failure to state a claim upon which relief can be granted. Defendants specifically answered the allegations contained in paragraph five of Plaintiffs' amended complaint with the following denial:

> 5. Answering Paragraph 5 of the Amended Complaint, defendants deny the allegations contained therein. Further answering, defendants state that [Mereen–Johnson] owns a majority interest in [Group Seven], but that [Mereen–Johnson] is not responsible for, and does not supervise or control, the day-to-day operations of [Group Seven].

(Joint Ans. to Am. Compl. ¶ 5.)

Between January 2003 and October 2003, Plaintiffs and Defendants engaged in pretrial discovery. On October 29, 2003, Group Seven filed a Chapter 7 petition for bankruptcy in the United States Bankruptcy Court for the Western District of North Carolina. (*See id.,* Ex. A.)

On November 26, 2003, Mereen–Johnson filed a notice of removal to this court pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1452(a), and cited 28 U.S.C. §§ 1332(a)(1) and 1334 as bases for federal jurisdiction of the subject matter of this civil action. On December 23, 2003, Plaintiffs filed a motion to remand this civil action to the General Court of Justice, Superior Court Division, Guilford County, North Carolina. According to Plaintiffs' motion to remand, "this [c]ourt lacks subject matter jurisdiction over this action because there is a lack of diversity of citizenship between [Plaintiffs] and [Group Seven]." (Pls.' Mot. Remand at 1.)

## DISCUSSION

"Section 1441(a) of Title 28 permits a defendant to remove from state to federal court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Triad Motorsports, LLC v. Pharbco Marketing Group, Inc.,* 104 F.Supp.2d 590, 593 (M.D.N.C.2000)(quoting 28 U.S.C. § 1441(a)). Federal courts have original jurisdiction of cases where the matter in controversy exceeds $75,000 and is between " 'Citizens of different States' by virtue of 28 U.S.C. § 1332(a)(1) and U.S. Const., Art. III, § 2." *Roche v. Lincoln Prop. Co.,* 373 F.3d 610, 613 (4th Cir.2004)(citing *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 460, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980)). "Courts have consistently interpreted § 1332 and its predecessors to require complete diversity such that the state of citizenship of each plaintiff must be different from that of each defendant." *Athena Auto., Inc. v. DiGregorio,* 166 F.3d 288, 290 (4th Cir.1999)(citing *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), *overruled on other grounds,* 43 U.S. (2 How.) 497, 11 L.Ed. 353 (1844); and *United Capitol Ins. Co. v. Kapiloff,* 155

F.3d 488, 492 (4th Cir.1998)). Section 1441(b) of Title 28 further proscribes removal of civil actions unless "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).[1]

■ "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chemicals, Co., Inc.*, 29 F.3d 148, 151 (4th Cir.1994)(citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). "The existence of subject matter jurisdiction is a threshold issue, and absent a proper basis for subject matter jurisdiction, a removed case must be remanded to state court." *Keith v. Clarke Am. Checks, Inc.*, 261 F.Supp.2d 419, 421 (W.D.N.C.2003)(citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 96, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir.1999); and *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir.1999)). On a motion to remand, the burden of establishing federal subject matter jurisdiction rests on the party or parties seeking to preserve removal. *Morales v. Showell Farms, Inc.*, 910 F.Supp. 244, 246 (M.D.N.C.1995)(citing *Mulcahey*, 29 F.3d at 151). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151 (citing *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir.1993); and *Cheshire v. Coca–Cola Bottling Affiliated, Inc.*, 758 F.Supp. 1098, 1102 (D.S.C.1990)).

In the instant case, Mereen–Johnson does not dispute that Plaintiffs and Group Seven qualify as citizens of North Carolina for jurisdictional purposes. *See* 28 U.S.C.

§ 1332(c). Instead, Mereen–Johnson contends that "there is diversity of citizenship among the real and substantial parties to this action ... because the record demonstrates that [Group Seven] is a nominal and formal party that the plaintiffs have improvidently joined and maintained in this action in order to defeat the exercise of federal jurisdiction." (Def. Mereen–Johnson Machine Company's Mem. Opp'n Mot. Remand at 2.) According to Mereen–Johnson, the court should disregard Group Seven's citizenship because "Group Seven's bankruptcy combined with Plaintiffs' assertions that Mereen–Johnson is fully responsible for any and all of the perceived misdeeds of Group Seven [leads to] one conclusion: Group Seven has become a formal and nominal party whose continued presence in this matter constitutes an improvident—or 'fraudulent'—joinder." (*Id.* at 4.)

■ Regarding Mereen–Johnson's contention that Group Seven has become a formal and nominal party, "the general rule is that the citizenship of the real parties in interest is determinative for purposes of diversity jurisdiction." *Roche*, 373 F.3d at 615. *See also Lee*, 446 U.S. at 461, 100 S.Ct. 1779 ("Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.") (citations omitted). Diversity of citizenship is not determined by reference to the nominal or formal parties; "rather, there must be complete diversity between the real and substantial parties in interest." *Roche*, 373 F.3d at 615 (citing 28 U.S.C. § 1332(a) and *Nolan v. Boeing Co.*, 919 F.2d 1058, 1063 (5th Cir.1990), *cert. denied*, 499 U.S. 962, 111 S.Ct. 1587, 113 L.Ed.2d 651 (1991)). "If diversity jurisdic-

---

1. For purposes of 28 U.S.C. §§ 1332 and 1441, a corporation is deemed a citizen of its state of incorporation and a citizen of the state where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c).

tion is challenged, the burden of proof remains on the party invoking federal court jurisdiction, and the citizenship of each real party in interest must be established by a preponderance of the evidence." *Id.* at 616 (citing *Mas v. Perry,* 489 F.2d 1396 (5th Cir.1974); and *Janzen v. Goos,* 302 F.2d 421 (8th Cir.1962)).

■ Neither the facts stated in the parties' briefs nor the record as a whole, including Mereen–Johnson's notice of removal, support Mereen–Johnson's contention that Group Seven is not a real party in interest to this civil action for purposes of diversity jurisdiction. Mereen–Johnson contends that Group Seven's Chapter 7 petition for bankruptcy and the factual allegations contained in paragraph five of Plaintiffs' amended complaint transformed Group Seven into a nominal or formal party after October 29, 2003; however, Group Seven's Chapter 7 petition for bankruptcy, without more, does not create diversity of citizenship or otherwise permit removal on the basis of diversity of citizenship. The automatic stay triggered by Group Seven's Chapter 7 petition for bankruptcy is not tantamount to a dismissal of Group Seven from the case, and merely suspends the proceedings pending against Group Seven. *See Stewart v. A.G. Edwards & Sons, Inc.,* 74 B.R. 26, 27 (D.S.C.1987)("While [the debtor's] bankruptcy petition operates as a stay of the 'commencement or continuation ... of a judicial ... action or proceeding against the debtor,' 11 U.S.C. § 362(a), it is not tantamount to a dismissal of [the debtor] as a party defendant in this action but merely suspends the proceedings.")(citing *David v. Hooker, Ltd.,* 560 F.2d 412 (9th Cir.1977)); *see also* 14B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3723, at 585–86 (3d ed. 1998)("A party whose presence in the action would destroy diversity must be dropped formally as a matter of record to permit removal to federal court.... [T]he

case may not be removed until that party actually has been dismissed from the case.")

Mereen–Johnson maintains that Group Seven's Chapter 7 petition for bankruptcy "considered in light of plaintiffs' averment that Group Seven constitutes a mere 'alter ego' of Mereen–Johnson ... eliminates any prior status by Group Seven as a real party in interest to this action." (Notice of Removal ¶ 3.) "The general rule in this situation is that a subsidiary corporation has its own principal place of business for purposes of diversity jurisdiction, unless it is merely an 'alter ego' or agent of the parent corporation." 13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* § 3625, at 635–36 (2d ed.1984). Whether a subsidiary corporation qualifies as a separate entity from its parent corporation for purposes of diversity jurisdiction is a question of fact that courts answer based on "such matters as the degree of control by the parent corporation, the relationship of the activities of the subsidiary to the activities of the parent, the membership of the board of directors, and maintenance of separate corporate books." *Id.* at 636.

■ Under North Carolina law, when a corporation operates as the mere instrumentality or alter ego of its sole or dominant shareholder "and a shield for his activities in violation of the declared public policy or statute of [North Carolina], the corporate entity will be disregarded and the corporation and the shareholder treated as one and the same person." *Henderson v. Sec. Mortgage & Fin. Co.,* 273 N.C. 253, 260, 160 S.E.2d 39, 44 (1968) (citations omitted). However, the mere fact that one person or one entity owns a majority of the shares in a corporation, or all of the shares in a corporation, does not make the acts of the corporation the acts of the shareholder so as to impose liability

on the shareholder for the acts of the corporation. *Id.* (citing N.C. Gen.Stat. § 55–3.1; *Wall v. Colvard, Inc.*, 268 N.C. 43, 149 S.E.2d 559 (1966); *B–W Acceptance Corp. v. Spencer*, 268 N.C. 1, 149 S.E.2d 570 (1966); and *Whitehurst v. FCX Fruit & Vegetable Serv.*, 224 N.C. 628, 32 S.E.2d 34 (1944)). In the instant case, Defendants' denial of the allegations contained in paragraph five of Plaintiffs' amended complaint creates an unresolved factual dispute over Mereen–Johnson's relationship with Group Seven and Mereen–Johnson's liability for the alleged acts of Group Seven. *See Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir.1999)(explaining that a jurisdictional inquiry is not the appropriate stage of litigation to resolve various and uncertain questions of law and fact). It is well settled that a party's mere allegations of diversity cannot satisfy its burden of establishing federal jurisdiction, *see Roche*, 373 F.3d at 616, and Mereen–Johnson has failed to produce sufficient evidence beyond the allegations contained in paragraph five of Plaintiffs' complaint to support its contention that the court should treat Group Seven and Mereen–Johnson as the same entity and disregard Group Seven for jurisdictional purposes.

The fraudulent joinder doctrine provides another exception to the requirement of complete diversity for federal jurisdiction under Section 1332 of Title 28 and "permits removal when a non-diverse party is (or has been) a defendant in the case." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir.1999)(citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69 (7th Cir.1992); and *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998)). "The fraudulent joinder doctrine allows a district court to assume jurisdiction over a case even if complete diversity is lacking in order to dismiss non-diverse defendants, thereby retaining proper diversity jurisdiction." *R.J. Reynolds Tobacco Co. v. Johns Manville Int'l, Inc.*, No. Civ. 1:00CV00673, 2001 WL 823604, at *2 (M.D.N.C. July 3, 2001)(citing *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677–78 (5th Cir.1999)). To establish the fraudulent joinder of a named defendant, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff [can] establish a cause of action against the in-state defendant in state court.'" *Hartley*, 187 F.3d at 424 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993)(emphasis in original)).[2]

To determine whether joinder is fraudulent, "the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir.1990) (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir.1964)). A defendant who alleges fraudulent joinder "bears a heavy burden [because] it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley*, 187 F.3d at 424 (citing *Marshall*, 6 F.3d at 232–33). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Id.* (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir.1992)).

---

2. The fraudulent joinder doctrine requires neither a showing of fraud nor joinder. *Mayes v. Rapoport*, 198 F.3d 457, 461 n. 8 (4th Cir.1999). "In fact, it is irrelevant whether the [defendant or] defendants were 'joined' to the case or originally included as defendants; rather, the doctrine is potentially applicable to each defendant named by the plaintiff either in the original complaint or anytime prior to removal." *Id.* (citing *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir.1999)).

Plaintiffs' amended complaint states three separate claims against Defendants for breach of contract as well as a single claim for declaratory relief under North Carolina law. Mereen–Johnson contends that "there is no possibility that, given the status of Group Seven's pending bankruptcy, either Sutton or Nova will be able to establish a cause of action against Group Seven in state court." (Def. Mereen–Johnson Machine Company's Mem. Opp'n Mot. Remand at 6.) Mereen–Johnson does not contest the merits of Plaintiffs' breach of contract claims or contend that Plaintiffs are not entitled to declaratory relief as a matter of law. Instead, Mereen–Johnson contends that Plaintiffs cannot maintain any of their stated claims for relief against Group Seven because "when the bankruptcy process has run its course, Group Seven will cease to exist as an entity against whom a claim could be made." (*Id.* at 6–7.)

As stated above, the automatic stay triggered by Group Seven's Chapter 7 petition for bankruptcy is not tantamount to a dismissal of Group Seven from the case, and Mereen–Johnson has failed to produce any evidence beyond the pleadings to support its contention that Group Seven does not qualify as a real party in interest to this civil action. The mere fact that Group Seven filed a Chapter 7 petition for bankruptcy nearly ten months after Plaintiffs filed their initial complaint does not mean that Plaintiffs cannot establish their stated claims against Group Seven or that Group Seven is somehow not liable to Plaintiffs for its alleged debts and obligations as a matter of law. *See Storr Office Supply Div., a Div. of Storr Office Env'ts, Inc. v. Radar Bus. Sys.—Raleigh, Inc.,* 832 F.Supp. 154, 157 (E.D.N.C.1993)(rejecting an argument that the plaintiff's joinder of a non-diverse, defunct corporation was fraudulent because "the plaintiff's intent to *obtain* a judgment, not its intent to *collect* upon the judgment, [is] controlling, without regard to whether the plaintiff's motive in joining a 'poor' defendant was to destroy diversity")(citing *Nosonowitz v. Allegheny Beverage Corp.,* 463 F.Supp. 162, 163 (S.D.N.Y.1978))(emphasis in original).

Group Seven may intend to proceed through bankruptcy and file all appropriate documents of dissolution with the North Carolina Secretary of State (*see* McBroom Aff. at 2); however, a corporation or partnership that petitions for bankruptcy under Chapter 7 is liquidated only and never receives a formal discharge from its debts and other obligations. *See* 6 Collier on Bankruptcy ¶ 727.01[3], at 727–10 (15th ed. rev.2003). "After liquidation, any dissolution of the corporation or partnership that the parties desire must be effectuated under state law, since the [Bankruptcy] Code does not provide for dissolution of corporations or partnerships." *Id.* Even after dissolution, a corporation organized under North Carolina law continues its corporate existence and remains subject to legal proceedings in its corporate name. *See* N.C. Gen.Stat. §§ 55–14–05(b)(5)–(6) ("Dissolution of a corporation does not: ... (5) Prevent commencement of a proceeding by or against the corporation in its corporate name; (6) Abate or suspend a proceeding pending by or against the corporation on the effective date of dissolution ...."); *see also Storr Office Supply,* 832 F.Supp. at 157 ("Even after dissolution, a corporation remains subject to legal proceedings in its corporate name."); and *R.J. Reynolds Tobacco Co.,* 2001 WL 823604, at *2 ("North Carolina law provides that a dissolved corporation continues its corporate existence indefinitely and is not immune to suit.")(citing N.C. Gen Stat. § 55–14–05(a), (b)(5); and *Baker v. Rushing,* 104 N.C.App. 240, 250, 409 S.E.2d 108, 114

(1991)).[3]

After considering the entire record and resolving all issues of law and fact in Plaintiffs' favor, the court concludes that Mereen–Johnson has failed to demonstrate either outright Plaintiffs' pleadings or that there is no possibility that Plaintiffs can establish their claims against Group Seven in North Carolina state court despite Group Seven's Chapter 7 petition for bankruptcy. *See Marshall,* 6 F.3d at 233 ("A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted.") (citation omitted). As a result, the court lacks subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a)(1) as a basis for removal under 28 U.S.C. § 1441(a), because complete diversity does not exist between Plaintiffs and Defendants.

Mereen–Johnson also contends that the court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1334, as a basis for removal under 28 U.S.C. § 1452, because this civil action is related to Group Seven's Chapter 7 petition for bankruptcy. Section 1452 of Title 28 permits removal of "any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334 of Title 28 provides federal district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

■ Plaintiffs contend that even if the instant case qualifies as a civil proceeding related to Group Seven's Chapter 7 petition for bankruptcy, 28 U.S.C. § 1334(c)(2) mandates that the court must abstain from hearing the case. Section 1334(c)(2) of Title 28 provides for abstention in civil cases related to petitions for bankruptcy as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). Mandatory abstention under Section 1334(c)(2) thus is appropriate when the following six requirements are met:

> (1) a timely motion is made; (2) the proceeding is based on a state law claim or a state law cause of action; (3) the proceeding is related to a case under Title 11; (4) the proceeding does not arise under Title 11; (5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and (6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

*Blanton v. IMN Financial Corp.,* 260 B.R. 257, 263 (M.D.N.C.2001). Based on these six requirements for mandatory abstention, it appears that mandatory abstention would be appropriate under Section 1334(c)(2). While Plaintiffs' claims against Defendants for breach of contract and for declaratory relief may be related to Group Seven's Chapter 7 petition for bankruptcy,

---

**3.** A corporation's capacity to sue or be sued depends on the law of the state under which it was organized. *See* Fed.R.Civ.P. 17(b).

claims such as these are routinely adjudicated in North Carolina state courts and traditionally present substantive legal issues exclusive to North Carolina law. Plaintiffs first commenced this civil action against Defendants in North Carolina state court, and Mereen–Johnson has not suggested any reason why Plaintiffs' state law claims would be incapable of timely adjudication upon remand to state court. *See Christo v. Padgett,* 223 F.3d 1324, 1331 (11th Cir.2000)(observing that a majority of courts have concluded that an action filed in state court and later removed to federal court is commenced in state court for purposes of Section 1334(c)(2) and would remain capable of timely adjudication upon remand to state court)(citing *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.),* 163 F.3d 925, 929 (5th Cir.), *cert. denied,* 527 U.S. 1004, 119 S.Ct. 2339, 144 L.Ed.2d 236 (1999); *Robinson v. Mich. Consol. Gas Co. Inc.,* 918 F.2d 579, 584 n. 3 (6th Cir.1990); *Williams v. Shell Oil Co.,* 169 B.R. 684, 690–92 (S.D.Cal.1994); and *Baxter Healthcare Corp. v. Hemex Liquidation Trust,* 132 B.R. 863, 869 n. 7 (N.D.Ill.1991)), *cert. denied,* 531 U.S. 1191, 121 S.Ct. 1190, 149 L.Ed.2d 106 (2001). Furthermore, Mereen–Johnson has failed to show another basis upon which Plaintiffs could have commenced this action in federal court absent jurisdiction under Section 1334 of Title 28.

Section 1452(b) of Title 28 provides district courts with discretion to remand a claim or cause of action removed to federal court pursuant to Section 1452(a) of Title 28 "on any equitable ground." 28 U.S.C. § 1452(b). One equitable ground upon which a district court may order remand is that mandatory abstention is required under Section 1334(c)(2) of Title 28. *See Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 764, 775–76 (10th Cir.BAP (Okla.) 1997)("If abstention is required under section 1334(c)(2), a court may remand the proceeding to state court under 28 U.S.C. § 1452(b)....") (citations omitted); *see also* 16 *Moore's Federal Practice* § 107.15[8][c][ii], at 107–133 (Matthew Bender 3d ed. 2003)("If abstention is mandatory, the federal court lacks removal jurisdiction and must remand the removed case.") The court lacks subject matter jurisdiction of this civil action under Section 1332(a)(1) of Title 28 because complete diversity does not exist between Plaintiffs and Defendants, and it appears that mandatory abstention would be appropriate under Section 1334(c)(2) of Title 28 for the reasons stated above. Therefore, the court will grant Plaintiffs' motion to remand this civil action to the General Court of Justice, Superior Court Division, Guilford County, North Carolina.

Plaintiffs have also requested an award of costs and attorney fees incurred as a result of these removal proceedings pursuant to 28 U.S.C. § 1447(c). Section 1447(c) of Title 28 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Pursuant to the plain language of Section 1447(c), such an award is within the discretion of the court." *Parker v. Johnny Tart Enters., Inc.,* 104 F.Supp.2d 581, 585 (M.D.N.C.1999). Mereen–Johnson's argument for removal, while supported by limited authority, is at least colorable. Therefore, the court will deny Plaintiffs' motion for costs and attorney fees.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand will be granted, and Plaintiffs' request for an award of costs and attorney fees upon remand will be denied.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

## ORDER

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Plaintiffs' motion to remand [Doc. # 4] is **GRANTED**, and this action is **REMANDED** to the General Court of Justice, Superior Court Division, Guilford County, North Carolina.

IT IS FURTHER ORDERED that Plaintiffs' request for an award of costs and attorney's fees upon remand [Doc. # 5] is **DENIED**.